J-S19006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SIM AMIN MORTON | : | |
| | : | |
| Appellant | : | No. 3510 EDA 2016 |
| | : | |

Appeal from the PCRA Order September 20, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002070-2012

BEFORE:   SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 18, 2018**

Sim Amin Morton ("Appellant") appeals *pro se* from the order denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

The PCRA court summarized the procedural history of this case as follows:

> [Appellant] was arrested on October 4, 2011 and charged with attempted murder and aggravated assault against Evan Davis, aggravated assault of Shynetta Benyard, and various weapon charges.[1]  On July 25, 2012, following a jury trial, [Appellant], was found guilty of attempted murder and aggravated assault against complainant Evan Davis, in addition to various weapon charges.  On October 2, 2012, this [c]ourt imposed an aggregate sentence of ten to twenty years of confinement on the attempted murder[2], a concurrent five to ten years on prohibited possession of a firearm, a consecutive three to six years on carrying a firearm without a license, followed by two years of reporting probation on the carrying of firearms in Philadelphia and the possession of an instrument of crime.  On

_____
*   Retired Senior Judge assigned to the Superior Court.

October 12, 2012, [Appellant] filed a Post–Sentence Motion which the court denied on January 16, 2013. On February 15, 2013[,] [Appellant] appealed this [c]ourt's decision to the Superior Court. On August 28, 2014, the Superior Court affirmed this [c]ourt's decision.

> [1] [Appellant] was found guilty of the following weapon charges: Possession of Firearm Prohibited (18 Pa. C. S. §6105(a)(1); Firearms not to be carried without a Licenses [sic] (18 Pa. C. S. § 6106 (a)(1); any Carrying of Firearm on the Public Street of Philadelphia (18 Pa. C.S. § 6108); and Possession of an Instrument of Crime (18 Pa. C. S. §907(a)[)].

> [2] The aggravated assault sentence merged with this sentence as a lesser included offense.

On April 9, 2015, [Appellant] filed a timely *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §9541. On January 29, 2016, David Rudenstein, Esq. was appointed to represent [Appellant]. On March 3, 2016, Mr. Rudenstein filed a ***Finley***[1] no-merit letter indicating that in his professional opinion, the claims raised by [Appellant] in his PCRA petition were without merit. On July 26, 2016, this [c]ourt issued a 907 Notice to [Appellant] advising him that his PCRA petition would be denied/dismissed within twenty days because the [c]ourt found his *pro se* PCRA petition was without merit. On July 25, 2016, [Appellant] submitted a *pro se* Request for an Evidentiary Hearing and Amendment to his initial PCRA Petition. On August 15, 2016, this [c]ourt received [Appellant's] response to this [c]ourt's 907 Notice, and "Newly Discovered Issues." On September 9, 2016, [Appellant] filed a *pro se* Motion to Compel PCRA Counsel to Amend Petitioner's PCRA and Add New Matter. On September 20, 2016, this [c]ourt held an evidentiary hearing and dismissed [Appellant's] PCRA Petition because the issues raised were either without merit or had been waived. On November 2, 2016, [Appellant] filed an untimely appeal of this

_____

[1] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). When counsel seeks to withdraw from representation on collateral appeal, the dictates of ***Finley*** and ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), are applicable. ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007).

[c]ourt's September 20, 2016 Order. On January 3, 2017, this [c]ourt entered an Order requiring [Appellant] to file a Statement of Matters Complained of on Appeal. On January 11, 2017, [Appellant] complied.

PCRA Court Opinion, 10/17/17, at 1-2.

Appellant presents the following issues for our review, which we restate *verbatim*:

1. Whether PCRA Court erred in dismissing Appellant's PCRA Petition before granting Appellant permission for leave to file a pro se supplement petition pursuant to Pa.R.Crim.Proc. Rule 905 to develope argument of Trial Counsel error and ineffectiveness.

2. Whether PCRA Court erred in allowing PCRA Counsel to withdraw his representation of Appellant where Appellant filed subsequent motion for order to compel PCRA Counsel to file amended PCRA Petition to assert Trial Counsel and Trial Court error pursuant to Pa. R.Crim. Proc. 601(C).

3. Whether Appellant suffered prejudice through "trial-by-ambush" strategy by the introduction and untimely disclosure of Appellant's prison telephone recordings; and prosecutorial misconduct where prosecutor made inflared, [sic] personal, and misleading statements to the jury.

Appellant's Brief at 2.

Before we consider the merits of Appellant's claims, we must determine whether this appeal was timely filed, because the timeliness of an appeal implicates this Court's jurisdiction. ***Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011). To preserve the right to appeal a final order of the PCRA court, a notice of appeal must be filed within thirty days after the date of entry of the order granting or denying relief. Pa.R.Crim.P. 910; Pa.R.A.P. 903(a).

Here, the PCRA court denied Appellant's PCRA petition on September 20, 2016, and Appellant's notice of appeal, filed on November 2, 2016, is facially untimely. In his *pro se* response to this Court's order to show cause why we should not dismiss his appeal as untimely, Appellant asserts that there was a breakdown in the PCRA court's process. Specifically, Appellant maintains that although the PCRA court denied his petition on September 20, 2016, Appellant did not receive the court's order until October 24, 2016, because the clerk did not forward of a copy of it to Appellant. Appellant's Response to Court Order to Show Cause, 12/27/16, at 1.

The record reflects that Appellant sent a *pro se* correspondence to the clerk of courts, dated October 16, 2016, and stamped by the clerk of courts as received on October 17, 2016. In this correspondence Appellant states the following:

> On August 9, 2016, I responded to the [c]ourt's 907 Notice in reference [to] my Post Conviction Collateral Relief Petition, and on August 11, 2016, your office time-stamped and attested to receiving my response. However, it has been well over sixty (60) days from receipt of the [c]ourt's 907 Notice and I have not received an order. At this time I would ask that you kindly check your data for the status of my case and send [me] a copy of the docketing sheet.
>
> In addition, if my petition was dismissed, I would ask for an exten[s]ion of time to file [a] Notice of Appeal in the Superior Court due to the clerical error of your office in not serving me a copy of the [c]ourt's order.

Appellant's *Pro Se* Correspondence, 10/17/16, at 1. In his notice of appeal filed November 2, 2016, Appellant again asserted that he did not timely receive a copy of the PCRA court's order denying his petition. Notice of Appeal,

- 4 -

11/2/16, at 1. He attached to the Notice of Appeal the order denying his PCRA petition and a copy of the envelope from the Philadelphia County Court of Common Pleas that was post-dated October 21, 2016, in which Appellant alleged to have received the PCRA court's order denying his petition. ***Id.*** at 7 (unnumbered pages). Furthermore, the docket does not clearly establish that the PCRA court served the order denying the PCRA petition on Appellant prior to October 21, 2016. Accordingly, the evidence of record supports the conclusion that the PCRA court did not timely serve Appellant with the order denying his PCRA petition.

We view the PCRA court's failure to timely serve on Appellant a copy of the order denying the PCRA petition as a breakdown of the court's operation. ***See Commonwealth v. Leatherby***, 116 A.3d 73, 79 (Pa. Super. 2015) ("[An appellant] should not be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court."). Thus, we decline to quash this appeal as untimely.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa.

Super. 2012). We grant great deference to the PCRA court's factual findings and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

In reviewing Appellant's brief, we note that Appellant has failed to comply with Pa.R.A.P. 2119(a). Pa.R.A.P. 2119(a) provides:

> The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Appellant's lengthy argument section of his brief is not divided into parts that correspond with the issues he presents. His argument consists of multiple unrelated arguments strung together. Appellant's failure to comply with this rule hampers our ability to conduct meaningful appellate review of his claims. Pa.R.A.P. 2101 states:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Because the defects are substantial, we could dismiss Appellant's appeal on that basis. We, however, will attempt to address Appellant's claims to the extent possible.

Appellant's first issue states: "Whether PCRA [c]ourt erred in dismissing Appellant's PCRA Petition before granting Appellant permission for leave to file a pro se supplement petition pursuant to Pa.R.Crim.Proc. Rule [sic] 905 to

develope [sic] argument of Trial Counsel error and ineffectiveness." Appellant's Brief at 2. After reviewing Appellant's brief, we are unable to discern when he sought permission for leave to file a *pro se* supplemental petition and when that request was denied by the PCRA court. Moreover, the record reflects that Appellant did file an amended PCRA petition on July 25, 2016, which was prior to the PCRA hearing conducted on September 20, 2016, and prior to the PCRA court's order denying Appellant's petition filed on September 20, 2016. Thus, Appellant is entitled to no relief on his first claim.

In his second claim, Appellant argues that the "PCRA [c]ourt erred in allowing PCRA Counsel to withdraw his representation of Appellant where Appellant filed subsequent motion for order to compel PCRA Counsel to file amended PCRA Petition to assert Trial Counsel and Trial Court error pursuant to Pa. R.Crim. Proc. 601(C)." Appellant's Brief at 2. In filing his **Turner/Finley** letter, counsel asserted that he conducted a thorough review of Appellant's case and concluded that there were no meritorious issues to raise before the PCRA court, thereby requesting to withdraw from representation. Counsel's **Finley** Letter, 3/3/16, at 1-9; Motion to Withdraw, 3/3/16, at 1-2. "While the appointment of counsel in PCRA proceedings has been made mandatory by our rules of criminal procedure, Pa.R.Crim.P. 1503-04, appointed counsel possesses the prerogative of declining to litigate a meritless petition. **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (Pa.1988)." **Commonwealth v. Albrecht**, 720 A.2d 693, 699 (Pa. 1998).

Moreover, when Appellant filed his *pro se* motion to compel on September 9, 2016, he was still represented by counsel.[2] Thus, Appellant's *pro se* filing was a legal nullity,[3] and the PCRA court was not obligated to respond to it. Appellant is entitled to no relief on his second claim.

In his third issue, Appellant argues that he suffered prejudice "through 'trial-by-ambush' strategy by the introduction and untimely disclosure of Appellant's prison telephone recordings; and prosecutorial misconduct where prosecutor made inflared,[sic] personal, and misleading statements to the jury." Appellant's Brief at 2. Appellant first asserts that "the prosecutor had in its [possession] the Appellant's prison telephone recordings, recorded while the Appellant was awaiting trial, but did not release the recording to defense counsel until several days into the proceeding." *Id.* at 18. Next, Appellant contends that the prosecutor "expressed its personal opinion about the Appellant's credibility and trial strategy in reference to the Appellant's alibi defense where the Commonwealth stated in its closing argument that 'evidently the defendant 'Appellant' is a thirty nine year old who demands respect.'" *Id.* at 22. Appellant also maintains that:

---

[2] Counsel was permitted to withdraw by order filed September 20, 2016.

[3] "In this Commonwealth, hybrid representation is not permitted. Accordingly, this Court will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities." **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016) (internal citations omitted).

> [t]he Commonwealth further asserted that the Appellant acted with malice in retaliation to a prior incident that allegedly had occurred between a family member of the victim and a family member of the Appellant. . . . The Commonwealth also went beyond its duty in pursuit of justice by implicating the Appellant in a rival group that allegedly had been 'beefing' at the time.

*Id.* at 22.

An issue will be deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post-conviction proceeding." *See* 42 Pa.C.S. § 9544(b) (An issue will be deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post-conviction proceeding."); *Commonwealth v. Olson*, 179 A.3d 1134, 1137 (Pa. Super. 2018). Appellant did not raise these issues of prosecutorial misconduct on direct appeal. Thus, we are constrained to conclude that these claims have been waived.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/18

- 9 -