J-S31029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER OTT | : | |
| | : | |
| Appellant | : | No. 3995 EDA 2017 |

Appeal from the Judgment of Sentence November 6, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005017-2017

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.: **FILED SEPTEMBER 19, 2018**

Alexander Ott appeals from the judgment of sentence, entered in the

Court of Common Pleas of Delaware County, following his negotiated guilty

plea to driving under the influence ("DUI")- controlled substance – Schedule I

(a Tier 3 first offense).[1] Ott was sentenced to six months of intermediate

punishment with the first twenty days on electronic home monitoring, eighty

hours of community service, a $1,000 fine, and a $100 cost assessment. No

post-sentence motions were filed. Ott filed a timely notice of appeal on

December 5, 2017, with the assistance of counsel. On December 6, 2017, the

court ordered Ott to provide a Pa.R.A.P. 1925(b) statement of errors

complained of on appeal within twenty-one days. On December 22, 2017,

---

[1] 75 Pa.C.S.A. § 3802(d)(1)(i).

counsel notified the court of his intention to file a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).

Counsel filed with this Court a motion to withdraw and an **Anders** brief.[2] We denied counsel's petition to withdraw, remanded the case with instructions, and retained panel jurisdiction. **See Commonwealth v. Alexander Ott**, No. 3995 EDA 2017 (unpublished memorandum, filed July 13, 2018). Counsel was ordered to include, as part of the certified record on appeal, the DL-26 form that was allegedly signed by Ott at the time of his arrest evidencing his consent to draw blood. **See Birchfield v. North Dakota**, 136 S. Ct. 2160, 2184-86 (2016) (holding warrantless blood draws violate Fourth Amendment and drivers cannot be found to have consented to warrantless blood draw if they believe their refusal constitutes criminal offense); **see also Commonwealth v. Ennels**, 167 A.3d 716, 724 (Pa. Super. 2017) ("**Birchfield** makes plain that the police may not *threaten* enhanced punishment for refusing a blood test in order to obtain consent[;]" holding, as matter of first impression, **Birchfield** ban on warrantless blood tests for driving under influence (DUI) of alcohol suspects applied to individuals suspected of DUI of controlled substances). **Cf. Commonwealth v. Olson**, 179 A.3d 1134 (Pa. Super. 2018), appeal granted, 111 WAL 2018 (August 7, 2018) (new rule of law that rendered implied consent scheme

---

[2] Counsel has complied with the requirements of **Anders** and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981). **See Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

unconstitutional insofar as it threatened to impose enhanced penalties for refusal to submit to blood test did not apply retroactively).

The Pennsylvania Department of Transportation (PennDOT) revised the DL-26 form within a week of the June 23, 2016 **Birchfield** decision, to remove the warnings mandated by 75 Pa.C.S.A. § 3804 that, theretofore, informed individuals suspected of DUI that they would face enhanced criminal penalties if they refused to submit to a blood test. **See Commonwealth v. Robertson**, 186 A.3d 440, 444 (Pa. Super. 2018).[3] The revised form, known as Form DL-26B (which does not include warnings regarding enhanced criminal penalties) should have been utilized by Officer Laspina in this case, which occurred approximately one year after **Birchfield**. As such, we noted in our July 13, 2018 memorandum decision that if an outdated form was used, counsel may have been ineffective in failing to file a motion to suppress the blood test results. The parties here had stipulated that the blood test results and the affidavit of probable cause formed the factual basis of the plea. **See** N.T. Guilty Plea Hearing, 11/6/17, at 6.

---

[3] The warnings contained on PennDOT's former DL-26 form provided that if a person refuses to consent to a blood test he or she will face more severe criminal penalties because of the refusal. **See Commonwealth v. Robertson**, **supra** (holding PennDOT had authority to amend DL–26 form prior to the enactment of Act 30, which amended 75 Pa.C.S.A. § 3804 to comport with **Birchfield**). The new form, the DL-26B, states that there may be civil penalties associated with refusal, but the language regarding enhanced criminal penalties was removed. **See Robertson**, **supra**.

Counsel has now filed an amended **Anders** brief and accompanying motion to withdraw. Although unable to locate the DL-26 form that Ott allegedly signed, counsel has outlined his efforts as follows:

1. Initially, we searched our own file to see if it was there. It was not.

2. The Assistant District Attorney assigned to the case was gracious enough to let us review his file to see if it was in there. It was not.

3. We contacted the arresting officer, Officer Joseph L. Laspina, Jr., of the Morton Police Department, who volunteered to see if he could find it in his office. He could not.

4. Officer Laspina suggested that we contact PennDOT since his Department occasionally sends forms there. We then contacted Tiffany D. Curtis, Esquire, who is with PennDOT's Office of Chief Counsel. After searching her records, Ms. Curtis stated that the Department had no Form DL-26 on file for Mr. Ott in this case. She also pointed out that the Department would not likely come into possession of the document unless the motorist had refused the blood test, and it was clear that Mr. Ott had consented to it.

Letter from Attorney Patrick J. Connors, 8/1/18.

Counsel presents the following issues which might arguably support the appeal:

1. Whether the sentence of 6 months' intermediate punishment (with the first 20 days on electronic home monitoring) imposed on Mr. Ott was harsh and excessive under the circumstances?

2. Whether counsel was ineffective in failing to challenge the admissibility of Mr. Ott's blood test results and whether, as a result, the factual basis for his plea, and the plea itself, is defective?

Amended **Anders** Brief, at 2.

- 4 -

It is well settled Pennsylvania law that by entering a negotiated guilty plea, a defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea. *See Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991) ("[A] plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea."); *see also Commonwealth v. Moyer*, 444 A.2d 101 (Pa. 1982); *Commonwealth v. Coles*, 530 A.2d 453 (Pa. Super. 1987). Therefore, with respect to issue one, Ott has waived any challenge to the discretionary aspects of his sentence. *Reichle*, *supra*.

Of concern here, however, is whether the apparent *Birchfield* violation, which would have resulted in suppression of the blood test results, affected the validity of Ott's plea.

The affidavit of probable cause provides as follows:

On Friday June 2, 2017 at approximately 12:00 I[,] Patrolman Joseph LaSpina[,] was in the area of 21 Kedron [A]ve[.] in Morton Borough when I observed a white in color Toyota [b]earing PA registration KDX1493 and could smell a strong odor of burnt marijuana emanating from the vehicle as it proceeded in traffic. I observed the vehicle enter the Wawa parking lot and park in a spot. As I was approaching the vehicle the driver later identified as Alexander Ott started to put his window up. I knocked on the window and Ott would not put his window down. Ott did put his window down and I could immediately smell a strong odor of burnt marijuana emanating from the vehicle. I did conduct a search of the vehicle and recovered 7 small bags of marijuana [,] 2 metal grinders containing marijuana residue and a glass pipe containing marijuana residue.

**Ott stated that he had just smoked marijuana moments before he saw my police vehicle.** I observed Ott to have blood

shot glassy eyes and an unsteady gait. I asked Ott to perform [a] field sobriety test which he agreed[;] prior to the test I asked Ott if he had any physical or mental disabilit[ies] that would hinder him from performing the test[; he] stated no. Field test 1, walk and turn I advised Ott to walk 10 steps heel to toe turn and walk 10 steps back. Ott appeared to be off balance and was unable to count how many steps he was taking. Field test 2 one leg stand, I advised Ott to keep his hands at his side[,] tilt his head back and hold his foot straight out and six inches off the ground. Ott was unable to follow directions and only held his foot approximately 1 inch from the ground and appeared to be off balance. Field test 3 finger to nose, Ott was instructed to hold his arms out[,] close his eyes[,] tilt his head back and touch the tip of his nose with his finger 10 times. Ott did miss his nose 3 times and was unable to keep count of how many times he was touching his nose.

**Ott was read the DL26 form in its entirety[,] signed, and agreed to provide blood.** At this time the vehicle was towed by Bills Auto Body and Ott was transported to Springfield Hospital where a blood sample was taken. Ott was then transported back to Police Headquarters where he was released to a family member. Blood was sent to Drug scan and awaiting results.

Based on the above facts and circumstances I[,] Patrolman Joseph LaSpina[,] respectfully request a summons be issued to the defendant Alexander Ott so he may answer to these charges in a court of law.

(Signature of Affiant)

Affidavit of Probable Cause, 6/13/17 (emphasis added).

Counsel opines that even if trial counsel had no reasonable basis for failing to file a motion to suppress Ott's blood test results in light of the apparent *Birchfield* violation, there was no prejudice because Ott admitted to Officer Laspina that he had smoked marijuana in his car. As noted above, at the plea hearing, the parties stipulated as follows:

Q: Mr. Martini, is there a stipulation the Affidavit of Probable Cause and the Toxicological Report form the appropriate factual basis of the guilty plea?

A: Yes, Your Honor.

N.T. Plea Hearing, 11/6/17, at 6. Counsel argues that if the blood test results are excised from the record, an adequate factual basis for Ott's guilty plea still exists because in the affidavit of probable cause, Officer Laspina states that Ott admitted smoking marijuana in his car. **See** Amended **Anders** Brief, at 10.

We reiterate that Ott entered into a negotiated agreement in exchange for dismissal of other charges. However, despite the fact that the desire to benefit from a plea bargain is a strong indicator of the voluntariness of a plea, **Commonwealth v. Stork**, 737 A.2d 789, 791 (Pa. Super. 1999), based upon our independent review of the record, we remain unconvinced that Ott's plea was knowingly, intelligently and voluntarily entered. **See Commonwealth v. Shekerko**, 639 A.2d 810 (Pa. Super. 1994) (our law is clear that, to be valid, guilty plea must be knowingly, voluntarily and intelligently entered).

Assessing whether the plea was knowing, voluntary, and intelligent requires a consideration of the totality of the circumstances surrounding the entry of the plea. **See id.** at 813 (analysis of voluntariness of plea warrants consideration of totality of circumstances surrounding entry of guilty plea). Ott's knowledge of the applicable law was obviously critical to his understanding of the factual basis for his plea. Contrary to counsel's argument, that "suppression of the test results would not have gained [Ott] anything[,]" it is conceivable that, had a motion to suppress the blood tests been granted, which appears unquestionable under **Birchfield**, Ott may not

have entered a plea of guilty. *See* Amended *Anders* Brief, at 10. At a minimum, Ott and his counsel should have been aware of *Birchfield* and, specifically, whether the appropriate DL-26B warnings were given. *See Commonwealth v. Yeomans*, 24 A.3d 1044 (Pa. Super. 2011); *see also Commonwealth v. Fluharty*, 632 A.2d 312, 314-15 (Pa. Super. 1993) ("It is clear that before accepting a plea of guilty, the trial court must satisfy itself that there is a factual basis for the plea."). Thus, we do not find this issue is frivolous.

Because an attempt to establish that a plea was unknowing or involuntary due to deficient legal advice sounds in ineffectiveness, *see Commonwealth v. Hickman*, 799 A.2d 136 (Pa. Super. 2002), Ott's relief lies in collateral review under the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. The consequences of any oversight here can only be undone, if at all, in a properly raised ineffectiveness claim through the PCRA. *See Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002) (ineffectiveness claims should be deferred to PCRA review).[4] However, Ott has likely completed serving his sentence, and therefore he may be ineligible

---

[4] *See Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013) (holding *trial court* retained discretion to hear ineffectiveness claims on post-verdict motions and direct appeal where claim is apparent from record and meritorious to extent immediate consideration best serves interest of justice, or where good cause is shown and defendant knowingly and expressly waives subsequent PCRA review from conviction and sentence).

for collateral relief. *See Commonwealth v. O'Berg*, 880 A.2d 597 (Pa. 2005) (Court declined to recognize categorical "short sentence" exception to *Grant's* general deferral rule).[5]

We, therefore, affirm Ott's judgment of sentence. We deny counsel's petition to withdraw at this juncture in the event Ott is eligible for PCRA relief. *See Commonwealth v. Tukhi*, 149 A.3d 881, 889 (Pa. Super. 2016) (denying counsel's petition to withdraw when "independent review of the record reveals a potentially non-frivolous issue not raised by counsel").

Judgment of sentence affirmed. Motion to withdraw denied. Jurisdiction relinquished.

---

[5] We recognize that deferral here may be pointless in the event Ott has completed serving his sentence. The lower court docket, however, does not indicate the start date of Ott's sentence, nor does it indicate whether it was deferred until disposition of his direct appeal. In any event, our Supreme Court's reasons in *Grant* for deferring review of ineffectiveness claims (lack of trial court opinion, lack of sufficient record, and transformation of appellate court into factfinder) all are present here, in the "short sentence" scenario. *See Commonwealth v. Delgros*, 183 A.3d 352, 359 (Pa. 2018) (in short sentence scenario, deferral to collateral proceedings remains appropriate even though some defendants may not be eligible for PCRA review under section 9543(a) of the PCRA). *See also O'Berg*, 880 A.2d at 603 (Castille, J., concurring) ("With respect to "short-sentence" cases, in drafting the PCRA, the General Assembly made a presumptively valid legislative judgment that direct review provides sufficient due process for relatively minor infractions, no matter how grave a defaulted constitutional violation may have occurred. The General Assembly elected to provide a reasonable time limitation for filing a PCRA petition and to exclude from its purview those petitioners who are not presently imprisoned or on parole or probation, i.e., those for whom habeas corpus review traditionally would have been unavailable.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/18