J-S31045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KELVIN MANN, | : | |
| | : | |
| Appellant | : | No. 4060 EDA 2017 |

Appeal from the PCRA Order December 1, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003908-2008,
CP-51-CR-0003913-2008, CP-51-CR-0009993-2008

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                     **FILED OCTOBER 01, 2018**

Appellant, Kelvin Mann, appeals from the Order denying his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The factual and procedural history of this case is as follows.  In July 2010, a jury convicted Appellant of Attempted Murder, Carrying Firearms Without a License, Carrying Firearms in Public in Philadelphia, and Possession of Firearms by Prohibited Person.[1]  On November 22, 2010, the trial court sentenced Appellant to 18 to 40 years of imprisonment for the attempted murder conviction.  This Court affirmed Appellant's Judgment of Sentence and

_____

[1] 18 Pa.C.S. § 901(a); 18 Pa.C.S. § 6106(a)(1); 18 Pa.C.S. § 6108; and 18 Pa.C.S. § 6105(a)(1), respectively.

the Supreme Court denied allowance of appeal on February 27, 2013.[2]

Appellant's Judgment of Sentence, thus, became final 90 days later, on May

28, 2013.[3]

Appellant filed a PCRA Petition on March 8, 2013, alleging

ineffectiveness of appellate counsel. The court appointed PCRA counsel who

filed a Petition to Withdraw and filed a "no merit" letter pursuant to

**Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The

PCRA court granted counsel's withdrawal, and dismissed Appellant's PCRA

Petition on March 27, 2015. This Court affirmed the denial of PCRA relief on

January 7, 2016.[4]

On March 4, 2016, Appellant filed a Petition seeking *habeas corpus* relief

in which he alleged that the criminal Bill of Information under docket number

CP-51-CR-0003908-2008 was defective. Following a review of the record, the

court concluded the relief sought fell within the purview of the PCRA, and

---

[2] **Commonwealth v. Mann**, 47 A.3d 1241 (Pa. Super. 2012), **appeal denied**, 63 A.3d 1245 (Pa. 2013).

[3] **See** 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking the review); U.S.Sup.Ct.R. 13 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); **Commonwealth v. Miller**, 102 A.3d 988, 993 (Pa. Super. 2014). Appellant's deadline to file a PCRA Petition was one year after his final Judgment of Sentence, *i.e.*, May 28, 2014.

[4] **Commonwealth v. Mann**, 136 A.3d 1027 (Pa. Super. 2016).

issued a notice pursuant to Pa.R.Crim.P. 907. Appellant sent a response to the court's Rule 907 Notice on October 17, 2017. The PCRA court dismissed the Petition on December 1, 2017. This timely appeal followed.

In his *pro se* Brief to this Court, Appellant raises the following claim:

Whether the trial court abused its discretion in dismissing Appellant's Habeas Corpus petition challenging his confinement based on a defective [c]riminal [i]nformation that violated due process of law and his right to sufficient notice?

Appellant's Brief at 3.[5]

As an initial matter, we conclude that the PCRA court properly reviewed Appellant's Petition for *Habeas Corpus* Relief pursuant to the PCRA. This Court has held that "the PCRA provides the sole means for obtaining collateral review and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Kubis**, 808 A.2d 196, 199 (Pa. Super. 2002); **see also** 42 Pa.C.S. § 9542.

Our Supreme Court has stated, "both the PCRA and the state *habeas corpus* statute contemplate that the PCRA subsumes the writ of habeas corpus in circumstances where the PCRA provides a remedy for the claim." **Commonwealth v. Hackett**, 956 A.2d 978, 985 (Pa. 2008) (citations omitted). Moreover, an application for a writ of *habeas corpus* cannot be used

---

[5] Appellant also lists docket number CP-51-CR-0009993-2008 on the cover of his Brief, though the single issue he argues in his Brief relates only to docket number CP-51-CR-0003908-2008 (Appellant's conviction for Attempted Murder and attendant sentence).

as a "tactical choice to evade the timeliness requirements of the PCRA." **Commonwealth v. Stout**, 978 A.2d 984, 988 (Pa. Super. 2009).

In the instant appeal, Appellant challenges his confinement on the basis that his criminal Bill of Information was defective because it failed to specify all of the essential elements of Attempted Murder. Appellant's Brief at 8-9. These claims are cognizable under the PCRA and are, therefore, properly raised in a PCRA Petition. **See Commonwealth v. Chambers**, 852 A.2d 1197, 1199 (Pa. Super. 2004) (affirming the denial of an appellant's PCRA petition claiming that he was not specifically charged with second-degree murder because the criminal information charged him with criminal homicide); **Commonwealth v. Pagan**, 864 A.2d 1231, 1233 (Pa. Super. 2004) (legality of conviction is encompassed by the PCRA); **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (legality of sentence is a cognizable issue under the PCRA). Accordingly, the PCRA court properly reviewed Appellant's filing under the PCRA and we will refer to it as a PCRA Petition hereafter.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Olson**, 179 A.3d 1134, 1137 (Pa. Super. 2018) (citation omitted). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. ***See Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's Judgment of Sentence became final on May 28, 2013. Appellant filed this PCRA Petition on March 4, 2016, nearly three years after his Judgment of Sentence became final. Accordingly, Appellant's Petition is facially untimely. PCRA Court Opinion, dated 1/2/18, at 4-5 (unpaginated).

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42

Pa.C.S. § 9545(b)(1).[6]  Appellant failed to allege any facts or make any legal arguments that support any of these exceptions.

Therefore, PCRA court properly found Appellant's Petition to be facially untimely under the PCRA.  Both the PCRA court and this Court lack jurisdiction to review Appellant's Petition.  We, thus, affirm the denial of relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/18

---

[6] The timeliness exceptions provided in the PCRA are: (i) the failure to raise the claim previously was the result of interference by government officials, (ii) the claim is based on facts that were not previously known the petitioner and could not have been ascertained by the exercise of due diligence, or (iii) the petition asserts a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.  42 Pa.C.S. § 9543(b)(1)(i)-(iii).