J-S74043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDRE GREEN | : | |
| | : | |
| Appellant | : | No. 1994 EDA 2019 |

Appeal from the PCRA Order Entered November 29, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1007511-2005

BEFORE: BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JANUARY 17, 2020**

Appellant Andre Green appeals the order entered by the Court of Common Pleas of Philadelphia County denying Appellant's petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46 as untimely filed. We affirm.

In September 2006, Appellant was convicted at a bench trial of third-degree murder, aggravated assault, recklessly endangering another person, and possessing an instrument of crime. On November 28, 2006, the trial court imposed an aggregate sentence of 25 to 50 years' imprisonment. On February 15, 2008, this Court affirmed the judgment of sentence. Appellant did not file a petition for allowance of appeal with the Supreme Court.

_____

[*] Former Justice specially assigned to the Superior Court.

On July 31, 2008, Appellant filed his first PCRA petition. On February 20, 2013, appointed counsel sought to withdraw and filed a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988). After the PCRA court permitted counsel to withdraw, it issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.A.P. 907. On April 5, 2013, the PCRA court denied Appellant's petition. On February 25, 2015, this Court affirmed the PCRA court's order and on July 21, 2015, the Supreme Court denied Appellant's petition for allowance of appeal.

On July 8, 2016, Appellant filed his second PCRA petition, asserting that he was entitled to collateral relief based on newly discovered evidence consisting of affidavits from two alleged witnesses to the relevant crimes. After deeming the PCRA petition to be untimely, the PCRA court issued a Rule 907 notice to dismiss. On May 23, 2018, the PCRA court denied Appellant's second petition. While Appellant filed an appeal that was docketed at 2585 EDA 2018, this Court subsequently dismissed the appeal on April 3, 2019 as Appellant failed to file a brief. Order, 4/3/19, at 1.

On September 12, 2018, Appellant filed the instant PCRA petition, his third, claiming that his sentence was illegal under *Alleyne v. U.S.*, 570 U.S. 99 (2013). On October 17, 2018, the PCRA court filed a Rule 907 notice and on November 29, 2018, dismissed the petition.

On March 1, 2019, Appellant filed another PCRA petition, seeking the reinstatement of his appellate rights *nunc pro tunc* as he had not received the

PCRA court's November 29, 2018 order dismissing his petition. On March 26, 2019, the PCRA court granted Appellant's request.

On May 10, 2019, Appellant filed yet another PCRA petition, in which he claimed that he never received the PCRA court's March 26, 2019 order reinstating his appellate rights. On June 26, 2019, the PCRA court again granted Appellant the right to file a notice of appeal *nunc pro tunc* from the PCRA court's November 27, 2018 order denying his third PCRA petition.[1]

As an initial matter, we must determine whether Appellant's PCRA petition was timely filed. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

---

[1] In its July 25, 2019 opinion issued pursuant to Pa.R.A.P. 1925(b), the PCRA court analyzes why Appellant's *second* PCRA petition, filed on July 8, 2016, was time-barred. However, as noted above, Appellant's appeal of the dismissal of his second PCRA petition was dismissed due to Appellant's failure to file a brief. In the instant appeal, we must analyze the PCRA court's dismissal of his *third* PCRA petition, filed on September 12, 2018, in which Appellant challenges the legality of his sentence.

- 3 -

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of the three exceptions enumerated in Sections 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania.  42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

As noted above, the trial court sentenced Appellant on November 28, 2006, this Court affirmed the judgment of sentence on February 15, 2008. Appellant did not seek further review with the Pennsylvania Supreme Court. As a result, Appellant's judgment of sentence became final on March 17, 2008, after the expiration of the thirty-day period in which he was allowed to file a petition for allowance of appeal.  **See** Pa.R.A.P. 1113.  As such, Appellant needed to file his PCRA petition by March 17, 2009.  As Appellant filed the instant petition on September 12, 2018, this petition is facially untimely.

Appellant argues that his petition was timely filed as he alleges that challenges to the legality of sentence can never be waived.  Appellant's Brief, at 10.  However, Appellant fails to recognize that this Court must first have jurisdiction over his petition to review his challenge to the legality of sentence. It is well-established that "a legality of sentencing issue must be raised in a timely filed PCRA Petition over which we have jurisdiction." **Commonwealth v. Olson**, 179 A.3d 1134, 1137 (Pa.Super. 2018) (citing 42 Pa.C.S. §

9545(b); ***Commonwealth v. Fahy***, 558 Pa. 313, 331, 737 A.2d 214, 223 (1999) (stating that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto")).

Moreover, Appellant cannot invoke the timeliness exception under Section 9545(b)(1)(iii) by alleging his sentencing claim is based on a newly recognized constitutional right expressed in ***Alleyne***. In ***Alleyne***, the United States Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." ***Alleyne***, 570 U.S. at 103, 133 S. Ct. at 2155.

However, our Supreme Court held that ***Alleyne*** does not apply retroactively to collateral attacks upon mandatory minimum sentences advanced in PCRA proceedings. ***Commonwealth v. Washington***, 636 Pa. 301, 316, 142 A.3d 810, 820 (2016). We also emphasize that this Court has also rejected the argument that "that a mandatory sentencing statute rendered illegal by ***Alleyne*** is void *ab initio* thereby rendering any sentence imposed thereunder invalid." ***Commonwealth v. Ciccone***, 152 A.3d 1004, 1007–1008 (Pa.Super. 2016) (*en banc*).

As noted above, Appellant's direct appeal concluded when his sentence became final in 2008. As our courts have held that ***Alleyne*** does not apply retroactively to cases on collateral relief, Appellant is not entitled to relief. Accordingly, as Appellant failed to plead and prove any of the timeliness

exceptions provided in Section 9545, the PCRA court correctly dismissed Appellant's untimely petition, which it had no jurisdiction to review.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/20