J-S60022-17

2018 PA Super 31

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
   :    PENNSYLVANIA
   :
          v.    :
   :
   :
   :
JEFFREY ALAN OLSON,    :
   :
         Appellant    :    No. 158 WDA 2017

Appeal from the PCRA Order December 22, 2016
In the Court of Common Pleas of Somerset County
Criminal Division at No.: CP-56-CR-0000544-2015

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.*

OPINION BY DUBOW, J.:                FILED FEBRUARY 14, 2018

Appellant, Jeffrey Alan Olson, appeals from the December 22, 2016 Order entered in the Somerset County Court of Common Pleas dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Relying on Birchfield[1], Appellant challenges the legality of his sentence. After careful review, we conclude that Birchfield does not apply retroactively in Pennsylvania to cases pending on collateral review. We, thus, affirm.

On September 18, 2015, Appellant entered an open guilty plea to one count of Driving Under the Influence ("DUI").[2,3] On December 21, 2015, the

_____

[1] Birchfield v. North Dakota, ___ U.S. ___, 136 S.Ct. 2160, 195 L.Ed. 2d 560 (2016).

[2] 75 Pa.C.S. § 3802(a)(1).

_____

* Former Justice specially assigned to the Superior Court.

trial court sentenced Appellant to an aggregate term of 18 months' to 5 years' imprisonment, applying the mandatory minimum sentencing provision set forth in 75 Pa.C.S. § 3804(c)(3) (imposing a mandatory minimum sentence of one year of imprisonment and a fine of $2,500 for failing to consent to a blood test). Appellant did not file a direct appeal. Appellant's Judgment of Sentence, therefore, became final on January 20, 2016. See 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a).

Appellant filed the instant pro se PCRA Petition, his first, on August 17, 2016, challenging, inter alia, the legality of his mandatory minimum sentence pursuant to Birchfield.[4] The PCRA court appointed counsel, and conducted a hearing on October 26, 2016. The PCRA court held the matter under advisement, and counsel filed an Amended PCRA Petition on

(Footnote Continued) —————————

[3] The Commonwealth withdrew several summary charges in exchange for Appellant's guilty plea, but there was no agreement with respect to Appellant's sentence.

[4] In Birchfield, supra, filed June 23, 2016, the United States Supreme Court held that warrantless blood tests taken pursuant to implied consent laws are an unconstitutional invasion of privacy. Id. at 2185. The Supreme Court stated that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." Id. at 2186. In contrast, the Court held that the Fourth Amendment permits warrantless breath tests incident to arrests for drunk driving. Id. at 2184. In Commonwealth v. Ennels, 167 A.3d 716, 724 (Pa. Super. 2017), this Court held that Pennsylvania's implied consent scheme was unconstitutional insofar as it threatened to impose enhanced criminal penalties for the refusal to submit to a blood test.

November 8, 2016. On December 23, 2016, the PCRA court dismissed the Petition.

Appellant filed a timely Notice of Appeal on January 19, 2017. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents three issues for our review:

I. Whether lower court erred in dismissing Appellant's PCRA Petition based on the reasoning that [A]ppellant "waived" the constitutional challenge to his sentence?

II. Whether the lower court erred in not applying [Birchfield] retroactively to [A]ppellant's sentence?

III. Whether this Court should reverse the decision of the lower court or reinstate Appellant's appellate rights nunc pro tunc based on equitable principles?

Appellant's Brief at 3.[5]

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. Commonwealth v. Fears, 86 A.3d 795, 803 (Pa. 2014). To be eligible for relief pursuant to the PCRA, Appellant must establish, inter alia, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2).

_____

[5] Appellant's Birchfield claim regarding his sentence implicates the legality of his sentence and such issues cannot be waived. Commonwealth v. Dickson, 918 A.2d 95, 99 (Pa. 2007). Moreover, this Court may raise legality issues sua sponte. See, e.g., Commonwealth v. Foster, 17 A.3d 332, 352 (Pa. 2011). Thus, the PCRA court's and the Commonwealth's claims regarding waiver are misplaced.

Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. Commonwealth v. Jones, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA Petition over which we have jurisdiction. See 42 Pa.C.S. § 9545(b); Commonwealth v. Fahy, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."); Commonwealth v. Miller, 102 A.3d 988, 995-96 (Pa. Super. 2014) (explaining that the decision in Alleyne[6] does not invalidate a mandatory minimum sentence when presented in an untimely PCRA Petition); Commonwealth v. Ruiz, 131 A.3d 54, 60-61 (Pa. Super. 2015) (remanding for resentencing without mandatory minimum where defendant was sentenced 12 days before

_____

[6] In Alleyne, the U.S. Supreme Court held that any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. Alleyne v. United States, 133 S.Ct. 2151, 2160-61 (2013).

Alleyne, his judgment of sentence was not final on the date Alleyne was decided, and the defendant filed a timely PCRA Petition over which this Court had jurisdiction).

In his first two issues on appeal, Appellant claims his PCRA Petition is timely filed within one year of his Judgment of Sentence pursuant to 42 Pa.C.S. § 9545(b)(1). He essentially claims that he is entitled to relief because the court sentenced him pursuant to a mandatory minimum sentencing statute that was rendered unconstitutional by Birchfield. Appellant's Brief at 9-15. He also contends that Birchfield provides a new substantive rule that is fully retroactive on timely collateral review. While we recognize that new substantive rules are fully retroactive on timely collateral review, we conclude that Birchfield does not constitute a new substantive rule.[7]

> This Court recently described the Birchfield holding as follows:
>
> In Birchfield, the United States Supreme Court recognized that "[t]here must be a limit to the consequences to which motorists may be deemed to have consented by virtue of a decision to drive on public roads." Birchfield, 136 S.Ct. at 2185. Of particular significance, Birchfield held that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." Id. at 2185-86. Accordingly, this Court has recognized that Pennsylvania's implied consent

_____

[7] Appellant is not contesting a conviction based on any law criminalizing the refusal to consent to blood testing as a separate crime. Thus, we do not opine on the retroactivity of the main holding in Birchfield as it applies to such criminal laws. Rather, we are narrowly addressing the retroactivity of Birchfield insofar as that holding implicates Pennsylvania's DUI statutes.

scheme was unconstitutional insofar as it threatened to impose enhanced criminal penalties for the refusal to submit to a blood test. *Commonwealth v. Ennels*, 167 A.3d 716, 724 (Pa. Super. 2017), reargument denied (Sept. 19, 2017) (noting that "implied consent to a blood test cannot lawfully be based on the threat of such enhanced penalties"); *Commonwealth v. Evans*, 153 A.3d 323, 330-31 (Pa. Super. 2016).

*Commonwealth v. Kurtz*, 172 A.3d 1153, 1157 (Pa. Super. 2017). See also *Commonwealth v. Giron*, 155 A.3d 635, 636 (Pa. Super. 2017) (vacating and remanding for resentencing after holding that "pursuant to [Birchfield] a defendant who refuses to provide a blood sample when requested by police is not subject to the enhanced penalties provided in 75 Pa.C.S. §§ 3803–3804.").

In the instant case, the certified record indicates that on December 21, 2015, the trial court imposed enhanced penalties for Appellant's refusal to consent to a blood draw. See N.T. Plea, 9/15/15, at 3, 6; N.T. Plea, 12/21/15, at 4-7; Pennsylvania Guideline Sentencing Form, filed 4/5/16, at 1; Sentencing Order, filed 12/23/15, at 1-3; Police Criminal Complaint, dated 4/20/15; Affidavit of Probable Cause, dated 4/27/15; Criminal Information, filed 8/18/15. Pursuant to Birchfield, a sentencing court today could not have sentenced Appellant to the mandatory minimum sentence under Section 3804(c)(3). However, Appellant's Judgment of Sentence became final on January 20, 2016, six months before the United States Supreme Court decided Birchfield on June 23, 2016. Although Appellant filed a timely PCRA Petition, because his Judgment of Sentence became final

before Birchfield was decided, pursuant to Riggle, we are unable to apply the mandates of Birchfield. See Commonwealth v. Riggle, 119 A.3d 1058 (Pa. Super. 2015) (declining to give Alleyne retroactive effect to cases on timely collateral review when the defendant's judgment of sentence had been finalized before Alleyne was decided).

Appellant summarily urges this Court to conclude, as a matter of first impression, that Birchfield is a new substantive rule that is fully retroactive on timely collateral review. See Appellant's Brief at 14-15. Appellant cites an unrelated unpublished memorandum for support, which is improper pursuant to this Court's Internal Operating Procedure § 65.37 ("Unpublished Memoranda Decisions"). See Commonwealth v. Phinn, 761 A.2d 176, 179 (Pa. Super. 2000) ("Unpublished memoranda of this court have no precedential value."). Moreover, that inapplicable case involved the direct appeal of a defendant's judgment of sentence that was not final when Birchfield was decided.

"[A] new rule of law does not automatically render final, pre-existing sentences illegal." Commonwealth v. Washington, 142 A.3d 810, 814 (Pa. 2016). "Under the Teague[8] framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to

---

[8] Teague v. Lane, 489 U.S. 288 (1989) (plurality).

cases that are still on direct review." Commonwealth v. Ross, 140 A.3d 55, 59 (Pa. Super. 2016) (citations omitted).

"A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." Id. (citations omitted). "Substantive rules are those that decriminalize conduct or prohibit punishment against a class of persons." Id. (citation and quotation omitted). "[R]ules that regulate only the manner of determining the defendant's culpability are procedural." Id. (citations and quotation omitted).

Pennsylvania's implied consent statute reads, in relevant part, as follows:

> (a) General rule.--Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle:
>
>> (1) in violation of section 1543(b)(1.1) (relating to driving while operating privilege is suspended or revoked), 3802 (relating to driving under influence of alcohol or controlled substance) or 3808(a)(2) (relating to illegally operating a motor vehicle not equipped with ignition interlock)[.]

75 Pa.C.S. § 1547(a)(1).

Relevant to the instant case, Section 3804 provides that an individual convicted of a third or subsequent DUI (General Impairment) offense who

- 8 -

refused to provide a blood sample faces a mandatory minimum of one year's imprisonment. 75 Pa.C.S. § 3804(c)(3)(i). Section 3804(c)(3)(i) effectively increases the punishment when a driver refuses to consent to a blood test. Id.

The new Birchfield rule, as it applies to Pennsylvania's DUI statutes providing for enhanced penalties, does not alter the range of conduct or the class of persons punished by the law: DUI remains a crime, and blood tests are permissible with a warrant or consent. Rather, the new rule precludes application of this mandatory minimum sentencing provision providing an enhanced penalty for Appellant's refusal to submit to blood testing. This change in the Pennsylvania sentencing enhancements applicable to DUI convictions is procedural because the new Birchfield rule regulates only the manner of determining the degree of defendant's culpability and punishment.

Based on the foregoing, we hold that Birchfield does not apply retroactively in Pennsylvania to cases pending on collateral review. Accordingly, Appellant's Judgment of Sentence is not illegal on account of Birchfield and he is not entitled to relief.

In his third claim, Appellant argues that this Court should reinstate his appellate rights nunc pro tunc based on "equitable principles." Appellant's Brief at 15-17. Appellant does not cite any pertinent authority to support his argument. Moreover, the PCRA does not grant such unrestrained authority

to this or any other post-conviction court. See 42 Pa.C.S. § 9543 ("Eligibility for relief"). Thus, Appellant is not entitled to relief based on "equitable principles of fairness" that are not otherwise delineated in the PCRA.

Order affirmed.

President Judge Emeritus Stevens joins the Opinion.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2018