J-S25025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD EICHLER | : | |
| | : | |
| Appellant | : | No. 1518 WDA 2017 |

Appeal from the PCRA Order October 3, 2017
In the Court of Common Pleas of Westmoreland
County Criminal Division at No(s): CP-65-CR-0004938-2012

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

JUDGMENT ORDER BY PANELLA, J.                **FILED AUGUST 31, 2018**

Donald Eichler appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"). Eichler argues his convictions for driving under the influence ("DUI"), aggravated assault by vehicle while DUI, and accidents involving death or personal injury should be vacated as **Birchfield v. North Dakota**, 136 S.Ct. 2160 (2016), rendered inadmissible the blood tests used to convict him.[1] We affirm.

A jury convicted Eichler of hitting, and severely injuring, a wheelchair-bound pedestrian with his pickup truck while he was highly intoxicated. Eichler

---

[1] The **Birchfield** Court found that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." 136 S.Ct. at 2186. In so finding, the Court vacated the conviction of one of the petitioners who had consented to a blood draw after being informed by police that he must comply with the blood test, or else face criminal penalties.

had filed two suppression motions. The first sought the suppression of evidence seized from his truck, as he claimed the truck was located in the curtilage of his residence. The second sought to suppress the results of his blood tests, as he claimed they did not occur within two hours after he drove. The court denied both motions. Eichler did not challenge the validity of his consent to the blood test.

This Court affirmed his judgment of sentence. *See Commonwealth v. Eichler*, 133 A.3d 775 (Pa. Super. 2016). Our Supreme Court denied his petition for allowance of appeal on November 22, 2016. Just over 30 days later, Eichler filed a *pro se* PCRA petition, challenging the voluntariness of his consent to a blood draw under *Birchfield*. The court appointed counsel, who later filed an amended petition.

The PCRA court reviewed the petition and denied it without a hearing. It concluded that Eichler's petition was timely, but that *Birchfield* does not apply retroactively in PCRA proceedings. This timely appeal followed.

Eichler argues *Birchfield* should be applied retroactively in PCRA proceedings. However, "*Birchfield* does not apply retroactively in Pennsylvania to cases pending on collateral review." *Commonwealth v. Olson*, 179 A.3d 1134, 1139 (Pa. Super. 2018).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/31/2018