J-S43034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RICHARD FRIEDMAN :
:
Appellant : No. 161 WDA 2018

Appeal from the PCRA Order January 5, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002902-2015

BEFORE: STABILE, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED SEPTEMBER 24, 2018**

Appellant Richard Friedman appeals from the order dismissing his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant contends that ***Birchfield v. North Dakota***, 136 S. Ct. 2160 (2016), applies retroactively to his case and that his plea counsel was ineffective for failing to pursue the claim in a post-sentence motion or on direct appeal. We affirm.

On November 24, 2015, Appellant pled guilty to driving under the influence (DUI)—incapable of safely driving and related offenses.[1] On

_____

[1] 75 Pa.C.S. § 3802(a)(1), 35 P.S. § 780-113(a)(32), and 75 Pa.C.S. § 1543(b) respectively. We note Appellant's section 1543(b) conviction was under the version of the statute that expires on October 20, 2018. This was Appellant's third DUI offense in ten years, and he refused blood testing at the time of his arrest. Because of Appellant's prior convictions and his refusal to submit to blood testing, the grade of Appellant's DUI offense was increased to

December 11, 2015, the trial court sentenced Appellant to an aggregate term of eighteen to thirty-six months' imprisonment followed by three years of probation. Appellant's plea counsel filed a timely post-sentence motion. According to the PCRA court, Appellant withdrew the post-sentence motion at a hearing on January 28, 2016.[2]

On June 23, 2016, the United States Supreme Court decided **Birchfield**, holding that a motorist may not be criminally punished for exercising his right to refuse a warrantless blood test. **See Birchfield**, 136 S. Ct. at 2186. **Birchfield** thus invalidated the enhanced penalty for refusal contained in 75 Pa.C.S. § 3804(c). **See Commonwealth v. Giron**, 155 A.3d 635, 639 (Pa. Super. 2017).

On October 19, 2016, Appellant timely filed the instant *pro se* PCRA petition. Appointed counsel filed an amended petition on January 10, 2017, alleging that Appellant's sentence was illegal pursuant to **Birchfield** and that plea counsel was ineffective for failing to pursue the claim post-sentence. The PCRA court ultimately dismissed the petition, concluding that **Birchfield** is not applicable to cases on collateral review. This timely appeal followed.

_____

a misdemeanor of the first degree, and the mandatory minimum sentence was increased to one year. **See** 75 Pa.C.S. §§ 3803(b)(4), 3804(c)(3).

[2] The record does not contain an order memorializing the withdrawal of the post-sentence motion or otherwise denying relief, nor does the docket reflect the entry of such an order. However, the comments to Pa.R.Crim.P. 720 state that "when a defendant withdraws a post-sentence motion in open court and on the record, the judge should orally enter an order memorializing the withdrawal for the record, and give the defendant notice" of the time for appeal. Pa.R.Crim.P. 720 cmt.

Appellant presents the following issues for our review:

1. [Appellant]'s sentence is illegal under **Birchfield v. North Dakota**, 136 S. Ct. 2160 (2016)[,] and Appellant is entitled to resentencing.

2. Trial counsel was ineffective for failing to file a post-sentence motion/appeal raising the above **Birchfield** claims challenging the excessive/illegal sentence.

Appellant's Brief at 1.

Our standard of review of the denial of a PCRA petition is well-settled. We "review[] the PCRA court's findings of fact to determine whether they are supported by the record, and review[] its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

Appellant first claims that he is entitled to relief because **Birchfield** should apply retroactively and therefore his sentence—based on his refusal to submit to blood testing—was illegal. However, this Court recently addressed an identical claim and held that "**Birchfield** does not apply retroactively in Pennsylvania to cases pending on collateral review." **Commonwealth v. Olson**, 179 A.3d 1134, 1139 (Pa. Super. 2018), *appeal granted*, 111 WAL 2018 (Pa. Aug. 7, 2018).[3]  More precisely, a petitioner cannot invoke

---

[3] Although our Supreme Court has granted allowance of appeal in **Olson**, **Olson** remains binding precedent unless and until reversed by our Supreme Court. **See Commonwealth v. Beck**, 78 A.3d 656, 659 (Pa. Super. 2013) (noting that one panel of the Superior Court "is not empowered to overrule another panel of the Superior Court").

***Birchfield*** in a timely PCRA petition as a basis for relief. ***See id.*** Thus, Appellant's first claim warrants no relief.

In his remaining claim, Appellant alleges that plea counsel was ineffective for failing to raise the ***Birchfield*** issue after sentencing. Appellant's Brief at 4. However, "[t]he law is clear that counsel cannot be held ineffective for failing to anticipate a change in the law." ***Commonwealth v. Cox***, 983 A.2d 666, 702 (Pa. 2009) (citation omitted). Here, Appellant notes that the United States Supreme Court granted writ of *certiorari* in ***Birchfield*** on the day he was sentenced. The Supreme Court's decision, however, was not rendered until June of the following year, approximately four months after Appellant's sentence became final. Therefore, Appellant cannot now claim that his then-counsel was ineffective for failing to challenge the legality of his sentence based on ***Birchfield***, as the Supreme Court's ultimate decision, and potential effect on Pennsylvania law, was still unknown at that time. ***See id***. Accordingly, we agree with the PCRA court that Appellant's second issue lacks merit. For these reasons, we discern no error in the PCRA court's dismissal. ***See Spotz***, 84 A.3d at 311.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2018