J-S15042-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JHEN A. SCUTELLA | : | |
| | : | |
| Appellant | : | No. 1733 WDA 2019 |

Appeal from the PCRA Order Entered November 19, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001324-2004

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                FILED MARCH 30, 2020

Appellant Jhen A. Scutella files this pro se appeal from the order of the Court of Common Pleas of Erie County, denying his "Motion to Modify Illegal Sentence."   As Appellant's motion should have been deemed an untimely petition under the Post-Conviction Relief Act (PCRA) (42 Pa.C.S.A. §§ 9541-9546), we affirm on different grounds.

In July 2005, Appellant pled guilty to possession of a controlled substance with intent to deliver (PWID).   On September 7, 2005, the trial court sentenced Appellant to 4½ to 10 years' imprisonment.   Appellant did not file a direct appeal.   Appellant subsequently filed two PCRA petitions, both of which were denied.

_____

[*] Former Justice specially assigned to the Superior Court.

In May 2015, Appellant filed his third PCRA petition, arguing that his sentence was illegal pursuant to the United States Supreme Court's decision in Alleyne v. U.S., 570 U.S. 99, 133 S.Ct. 2151 (2013) and Commonwealth v. Newman, 99 A.3d 86 (Pa.Super. 2014). The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907 and subsequently denied the petition.

On February 29, 2016, this Court affirmed the denial of Appellant's third petition. Commonwealth v. Scutella, 1136 WDA 2015 (Pa.Super. February 29, 2016) (unpublished memorandum). This Court concluded that Appellant was ineligible for relief under the PCRA because he was not serving a sentence. See 42 Pa.C.S.A. § 9543(a)(1)(i). Moreover, this Court also determined that Appellant's PCRA petition was untimely filed and did not raise an applicable exception to the timeliness requirements.

On September 16, 2019, Appellant filed his "Motion to Modify Illegal Sentence," again claiming that he received an illegal mandatory minimum sentence in violation of this Court's decision in Newman. On November 19, 2019, the lower court expressly denied Appellant's motion, reasoning that Appellant was not entitled to relief as he had previously litigated this issue in his third PCRA petition. On November 21, 2019, Appellant filed this appeal.

In its Rule 1925(a) opinion, the lower court asserted that in denying Appellant's motion to modify his sentence, it had intended to treat Appellant's Motion to Modify Illegal Sentence as his fourth PCRA petition. The lower court asserted that it could not issue a final order pursuant to the

rules governing PCRA procedure as Appellant's notice of appeal had removed jurisdiction from the Court of Common Pleas.

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S.A. § 9542; Commonwealth v. Haun, 613 Pa. 97, 32 A.3d 697 (2011). This Court has held that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." Commonwealth v. Jackson, 30 A.3d 516, 521 (Pa.Super. 2011). In Jackson, this Court held that the lower court did not have jurisdiction to consider Jackson's "motion to correct illegal sentence," which was filed after his judgment of sentence became final. Id. at 521-22.

As such, the lower court in this case did not have jurisdiction to enter its November 19, 2019 order denying Appellant's "Motion to Modify Illegal Sentence," but instead, should have deemed Appellant's filing to be a PCRA petition, as it was filed after his judgment of sentence became final.

We first note that Appellant is ineligible for PCRA relief as he is no longer serving a sentence. See 42 Pa.C.S.A. § 9543(a)(1) (requiring that petitioner plead and prove that he is "currently serving a sentence of imprisonment, probation, or parole for the crime" at issue). However, even assuming that Appellant is currently serving a sentence, he is not entitled to PCRA relief as his petition was untimely filed.[1]

_____

[1] Moreover, to the extent Appellant claims his challenge to the legality of his sentence cannot be waived and can be raised at any time, our courts have
(Footnote Continued Next Page)

It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." Commonwealth v. Walters, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

(Footnote Continued) ————————————

emphasized that "a legality of sentencing issue must be raised in a timely filed PCRA Petition over which we have jurisdiction." Commonwealth v. Olson, 179 A.3d 1134, 1137 (Pa.Super. 2018) (citing 42 Pa.C.S. § 9545(b); Commonwealth v. Fahy, 558 Pa. 313, 331, 737 A.2d 214, 223 (1999) (stating that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto")).

In this case, Appellant's judgment of sentence became final in October 2005, when his time for seeking a direct appeal expired. As a result, Appellant had until October 2006 to file a timely PCRA petition. This petition, filed on September 16, 2019, is facially untimely.

Appellant cannot invoke the timeliness exception under Section 9545(b)(1)(iii) by alleging his sentencing claim is based on a newly-recognized constitutional right expressed in Alleyne. In Alleyne, the United States Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Alleyne, 570 U.S. at 103, 133 S. Ct. at 2155. However, our Supreme Court held that Alleyne does not apply apply retroactively to collateral attacks upon mandatory minimum sentences advanced in PCRA proceedings. Commonwealth v. Washington, 636 Pa. 301, 316, 142 A.3d 810, 820 (2016).[2]

As noted above, Appellant's sentence became final in 2005, nearly fourteen years before this petition was filed. As our courts have held that Alleyne does not apply retroactively to petitions seeking collateral relief, Appellant failed to plead and prove any of the timeliness exceptions provided in Section 9545 are applicable. Accordingly, the PCRA court correctly

_____

[2] Appellant's citation to this Court's decision in Newman does not entitle him to relief, as the Newman court simply held that Alleyne may be applied retroactively to cases pending on direct appeal when Alleyne was decided. This holding is inapplicable to the instant case.

dismissed Appellant's untimely petition, which it had no jurisdiction to review.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2020