J-S10045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOHN T. BIDDLE | : | |
| Appellant | : | No. 830 WDA 2023 |

Appeal from the Order Entered June 28, 2023
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000531-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOHN T. BIDDLE | : | |
| Appellant | : | No. 970 WDA 2023 |

Appeal from the Order Entered June 28, 2023
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000539-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOHN T. BIDDLE | : | |
| Appellant | : | No. 971 WDA 2023 |

Appeal from the Order Entered June 28, 2023
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000055-2001

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                        :           PENNSYLVANIA
                        :

            v.                  :
                        :
                        :

JOHN T. BIDDLE                :
                        :

          Appellant      :    No. 972 WDA 2023

Appeal from the Order Entered June 28, 2023
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000335-2014

BEFORE:   OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:            **FILED: June 10, 2024**

John T. Biddle ("Biddle") appeals from the order denying his petition for *habeas corpus*, which challenged his 2014 convictions for failure to comply with registration requirements under the prior version of the Sexual Offender Notification and Registration Act ("SORNA I").[1]  We reverse the trial court's order, vacate Biddle's 2014 convictions, and vacate the judgment of sentence.

In June 2001, Biddle pleaded guilty to statutory sexual assault and aggravated indecent assault on a victim less than sixteen years old.[2]  The trial court imposed an aggregate sentence of three to ten years' imprisonment. Under the then-in effect Megan's Law II, Biddle was required to register for

_____

[1] **See** Act of Dec. 20, 2011, P.L. 446, No. 111, § 12, *effective in one year or* Dec. 20, 2012, *amended by* Act of Feb. 21, 2018, P.L. 27, No. 10, §§ 1-20, *effective* Feb. 21, 2018 (Act 10 of 2018).

[2] **See** 18 Pa.C.S.A. §§ 3122.1, 3125(a)(8).

life.[3]  He was released from incarceration in 2011.  **See** Opinion and Order of Court ("Trial Court Opinion"), 6/29/23, at 1.

On December 20, 2012, SORNA I became effective.  Under this law, Biddle continued to be subject to lifetime registration.  On February 24, 2014, again under SORNA I, Biddle pleaded guilty to the underlying charges of failure to: verify his address or be photographed; provide accurate information; and appear at a specified time and place[4] (collectively, "failure to comply").  On August 8, 2014, the trial court imposed an aggregate sentence of seven to twenty-five years' imprisonment.[5]  Biddle did not file a direct appeal, but filed several Post Conviction Relief Act ("PCRA")[6] petitions and other motions for reconsideration, all of which were denied.

In 2017, Biddle filed yet another PCRA petition, arguing that pursuant to the then-recent decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa.

_____

[3] **See** Act of May 10, 2000, P.L. 74, No. 18, *formerly* 42 Pa.C.S.A. §§ 9791-9799.7.  In an earlier opinion, the trial court stated Biddle was found to be a sexually violent predator under Megan's Law II.  **See** Trial Court Opinion, 3/12/19, at 1.

[4] **See** 18 Pa.C.S.A. §§ 4915.1(a)(2), (3), 5124(a).

[5] While the trial court's opinion states that Biddle was sentenced to an aggregate term of fourteen and one half to fifty years, **see** Trial Court Opinion, 6/29/23, at 1, we note that on the same day, he was also sentenced on unrelated burglary convictions.

[6] **See** 42 Pa.C.S.A. §§ 9541-9546.

2017) (*plurality*),[7] the retroactive imposition of SORNA I on him was punitive and violated the *ex post facto* clauses of the Pennsylvania and United States Constitutions. The trial court denied relief, finding Biddle's petition was untimely under the PCRA and did not meet any of the PCRA's timeliness exceptions. On appeal, this Court affirmed. **See Commonwealth v. Biddle**, 240 A.3d 957 (Pa. Super. 2021) (unpublished memorandum), *appeal denied*, 278 A.3d 850 (Pa. 2022).

At this juncture, we note that on June 12, 2018, SORNA II came into effect. Under SORNA II, Biddle is subject to lifetime registration pursuant to Subchapter I, which applies to sexual offenders whose crimes were committed between April 22, 1996 and December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.52(1), 9799.55(b).

On January 9, 2023, Biddle filed the instant *pro se* petition for *habeas corpus*, again raising a **Muniz** challenge to his convictions and sentence for failure to comply with SORNA I registration requirements. The trial court

---

[7] This Court has explained that although the concurring opinion in **Muniz** took "issue with the lead opinion's position that Pennsylvania's *ex post facto* clause grants greater protection than the federal *ex post facto* clause," the concurrence agreed "that SORNA violates federal and state *ex post facto* prohibitions." **Commonwealth v. Wood**, 208 A.3d 131, 135 n.8 (Pa. Super. 2019) (*en banc*). Accordingly, this latter, agreed-upon holding has precedential value. **See id**.

appointed present counsel for Biddle and conducted a hearing.[8]  The court

denied relief.  Biddle filed a timely appeal, and both he and the trial court have

complied with Pa.R.A.P. 1925.[9]

Biddle raises the following issue for our review:[10]

Whether the court erred as a matter of law or abused its discretion in denying the petition for *habeas corpus* where [Biddle] raised that at the time of his offense, the reporting requirements in place were less restrictive than the reporting requirements in place when [he] was convicted in the above cases.

Biddle's Brief at 5.

Biddle avers the trial court erred in denying his petition for *habeas corpus* and maintains the retroactive application of SORNA I's reporting

_____

[8] The trial docket does not include any amended, counseled petition. Furthermore, we note the trial court's opinion stated the date of the hearing was February 16, 2023.  **See** Trial Court Opinion, 6/29/23, at 2.  However, the certified record transmitted on appeal does not include the notes of testimony for this hearing, nor any request by Biddle for transcription.  We remind Biddle's counsel that "it is the appellant's burden to ensure the certified record contains that which is necessary for this Court to properly resolve the issues raised on appeal." **Commonwealth v. Saylor**, 308 A.3d 869, 875 (Pa. Super. 2024).

[9] Initially, Biddle filed one notice of appeal listing all four underlying trial docket numbers, in contravention of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that an appellant is required to file separate notices of appeal when a single order resolves issues arising on more than one trial court docket).  Rather than quash this appeal, this Court directed Biddle to file four amended notices of appeal, and he has complied.  **See Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021) (holding that where an appellant files a timely appeal but fails to file separate notices of appeal from an order addressing multiple trial court dockets, the appellate court may permit the appellant to correct the error pursuant to Pa.R.A.P. 902).

[10] The Commonwealth did not file a brief.

requirements to him violated the *ex post facto* clauses of the Pennsylvania and United States Constitutions. He thus concludes his failure to comply convictions and sentences are illegal.

Preliminarily, we determine, as did the trial court, that Biddle's filing of a petition for *habeas corpus* was proper for pursuing his present claim. **See Commonwealth v. Lacombe**, 234 A.3d 602, 618 (Pa. 2020) (declining to hold "the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender registration statutes").[11] Furthermore, Biddle's challenge to the legality of his failure to comply convictions and sentences is not waived. **See Commonwealth v. Olson**, 179 A.3d 1134, 1137 (Pa. Super. 2018) (stating that "[a]s long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived").

"[A] conviction based on an unconstitutional statute is a nullity. . . . [A]n offense created by an unconstitutional law 'is not a crime' and '[a] conviction under it . . . is illegal and void, and cannot be a legal cause of imprisonment." **Commonwealth v. Derhammer**, 173 A.3d 723, 728 (Pa. 2017). As Biddle's issue presents questions of law, our scope of review is plenary and we undertake *de novo* review of the trial court's legal determinations. **See Muniz**, 164 A.3d at 1195.

_____

[11] Accordingly, the PCRA's exclusion, of previously litigated claims, does not apply to Biddle's petition. **See** 42 Pa.C.S.A. § 9543(a)(3).

In **Muniz**, the Pennsylvania Supreme Court determined that: (1) SORNA I is punitive in nature; and (2) the retroactive application of its registration provisions violates the *ex post facto* clauses of the Pennsylvania and United States Constitutions. **See id**. at 1193; **see also id**. at 1195-96 (stating that "'two critical elements' must be met for a criminal or penal law to be deemed *ex post facto*: 'it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it'").

In **Commonwealth v. Santana**, 266 A.3d 528 (Pa. 2021), the defendant was convicted of rape in New York in 1983; at that time, neither New York nor Pennsylvania had a sexual offender registration scheme. **See id**. at 530. In 2015, the defendant moved to Pennsylvania and became subject to the registration requirements of SORNA I. **See id**. at 531. However, he subsequently pleaded guilty to failure to comply and received a sentence of imprisonment. **See id**. On direct appeal, the Pennsylvania Supreme Court first held that **Muniz** applied with equal force to offenders whose triggering offenses occurred in another state.[12] **Id**. at 538. Next, the Court rejected the notion that an increase in punishment, **alone**, was

---

[12] Although the fact of an out of state sexual offense conviction is not present in this case, we find **Santana**'s discussion — of both **Muniz** and the test for determining whether there has been an *ex post facto* violation — is relevant to the instant appeal. **See also** Trial Court Opinion, 6/29/23, at 3 (discussing **Santana**).

dispositive of whether a law applied retroactively violated *ex post facto* principles. ***See id***. at 536 (stating "[t]he question is not whether [the New York statutes] and SORNA impose the same or different registration periods"). Instead, the Court reiterated:

> First, a court must ask when the initial offense was committed. Second, the court must ask whether the challenged law was enacted after the occurrence of the triggering offense and was then applied retroactively. If so, the final question is whether that retroactive law is punitive or increases the penalty for the existing crime. . . .

***Id***. at 537. The Court held that in the case before it, all three prongs were met: (1) the defendant committed rape in 1983; (2) SORNA I was applied retroactively to him in 2015; and (3) SORNA I was punitive, where there were no sexual offender laws in 1983 in New York or Pennsylvania and thus the defendant faced no punishment beyond his sentence for rape, and furthermore, ***Muniz*** had ruled that SORNA I requirements were punitive in nature. ***See id***. at 538. The Court thus concluded: the retroactive application of SORNA I to the defendant was unconstitutional; he could not be convicted for failing to do that which he was not required to do by law; and his judgment of sentence for failure to comply could not stand. ***See id***. at 534, 539.

In his sole issue, Biddle maintains that pursuant to ***Muniz***, the retroactive application of SORNA I on him violated the constitutional *ex post facto* clauses. Biddle concedes that the length of his registration period — lifetime — was the same under both Megan's Law II and SORNA I. Nevertheless, Biddle contends the reporting requirements under SORNA I

were more severe than those imposed on him under Megan's Law II, as "there [was] an increase in quarterly in-person reporting and posting of personal information." Biddle's Brief at 11. Biddle contends his 2014 sentences for failure to comply with SORNA I registration requirements are illegal, because these registration requirements did not exist in 2001, when he was convicted of the sexual offense. *Id*. at 14. Finally, Biddle avers his case is similar to the Superior Court unpublished memorandum in **Commonwealth v. Haughwout**, 304 A.3d 778 (Pa. Super. 2023) (unpublished memorandum). He concludes that the trial court erred in denying his petition for *habeas corpus*.

In its opinion, the trial court reviewed **Santana** and applied the three prong test set forth above. The court found: (1) when Biddle committed his 2001 sexual offenses, he was subject to a prior registration law — Megan's Law II; and (2) SORNA I was enacted after Biddle's 2001 sexual offenses and applied retroactively to him. **See** Trial Court Opinion, 6/29/23, at 5. The trial court stated the third prong was whether the retroactive application of SORNA I to Biddle "was punitive or increase[d] the penalty for the existing crime." *Id*. (*citing* **Santana**, 266 A.3d at 537). The trial court then found **Santana** was distinguishable, as: Biddle's registration "requirements existed in substantially the same form in 2000 when he committed his offense;" and thus Biddle's conduct "would have amounted to a violation under Megan's Law II, SORNA I, or SORNA II." Trial Court Opinion, 6/29/23, at 5. In so holding,

the trial court determined the instant case is analogous to the Commonwealth Court's decision in **Adams v. Pa. State Police**, 257 A.3d 227 (Pa. Cmwlth. 2021).[13]

In **Adams**, the sexual offender was convicted of aggravated indecent assault in 1998, and pursuant to then-in effect Megan's Law I, was subject to a ten-year registration period. **Id**. at 228, 229. In 2000, the sexual offender became subject to lifetime registration pursuant to a reclassification of his offense under Megan's Law II. **Id**. at 230. In 2018, the sexual offender filed a petition for review, citing **Muniz** and seeking a declaration that he was not required to register under then-in effect SORNA I. **Id**. at 229. The Commonwealth Court denied relief. It stated that generally, "a law violates *ex post facto* prohibitions if it inflicts a greater criminal punishment than the law that was in effect when the crime was committed." **Id**. at 230 (*citing*, *inter alia*, **Commonwealth v. Allshouse**, 36 A.3d 163, 184 (Pa. 2012)). The Commonwealth Court then reasoned that "SORNA I continued, but did not increase, the lifetime registration requirement that applied under Megan's Law

_____

[13] The trial court's opinion also cited decisional authority addressing challenges to the constitutionality of SORNA **II**. **See** Trial Court Opinion, 6/29/23, at 3-5 (*citing* **Lacombe**, 234 A.3d at 626-27 (holding that Subchapter I of SORNA II does not constitute criminal punishment nor violate *ex post facto* concerns); **Cao v. Pa. State Police**, 280 A.3d 1107 (Pa. Cmwlth. 2022) (rejecting sexual offender's reliance on **Santana** to challenge his registration requirements under Subchapter I of SORNA II)). Because Biddle's petition for *habeas corpus* challenged only his registration requirements under SORNA **I**, this caselaw addressing SORNA **II** is not relevant.

II and III for persons convicted of committing aggravated indecent assault." *Adams*, 257 at 230.

"Although the decisions of the Commonwealth Court are not binding on this Court, we may look to them for their persuasive value." *Commonwealth v. Brown*, 240 A.3d 970, 973 n.3 (Pa. Super. 2020). We decline to apply the statement in *Adams*, that a law violates *ex post facto* prohibitions simply "if it inflicts a greater criminal punishment." *Adams*, 257 A.3d at 230. Instead, the Pennsylvania Supreme Court has stated clearly that an *ex post facto* analysis entails this review: (1) when the initial offense was committed; (2) "whether the challenged law was enacted after the occurrence of the triggering offense and was then applied retroactively;" and (3) "whether that retroactive law *is punitive or* increases the penalty for the existing crime." *Santana*, 266 A.3d at 537 (emphasis added). This last prong is not established, as *Adams* would indicate, merely when there is an increase in punishment. *See id*. Instead, the third prong may *also* be met if a law is punitive in nature, and indeed, in *Santana*, the Pennsylvania Supreme Court applied *Muniz* and concluded that SORNA I is punitive in nature. *See id*.

In sum, we agree with the trial court as to the first two prongs of the *ex post facto* analysis: (1) Biddle was convicted of his sexual offenses in 2001; and (2) SORNA I was subsequently enacted but applied retroactively to him. We disagree, however, with the trial court's finding that the third prong was not met simply because Biddle was not subjected to increased registration

requirements between Megan's Law II and SORNA I. This analysis overlooks that the third prong may also be established with a finding that SORNA I was punitive in nature. *Muniz* and *Santana* both held that it was, and we apply that determination here. Thus, as all three prongs were established, we conclude that the retroactive application of SORNA I to Biddle violated *ex post facto* principles. Like the defendant in *Santana*, Biddle was thus not required to register under SORNA I and he could not be convicted for failing to do so. Accordingly, we reverse the trial court's denial of Biddle's petition for *habeas corpus*, vacate his 2014 failure to comply convictions, and vacate that judgment of sentence.

While we have not discovered any precedential authority addressing the same circumstances presented herein, we conclude our decision is consistent with recent unpublished memoranda by this Court.[14] In *Commonwealth v. Haughwout*, 304 A.3d 778 (Pa. Super. 2022) (unpublished memorandum), the defendant was convicted of sexual offenses committed in 1996 and 2000. *See id*. at 2-3. Under Megan's Law II, he was determined to be a sexually violent predator and was subject to lifetime registration. *See id*. at 3. In 2015, the defendant pleaded guilty to failure to comply with SORNA I registration requirements and received a sentence of imprisonment. *See id*.

---

[14] *See* Pa.R.A.P. 126(b)(1)-(2) (providing that a non-precedential decision of the Superior Court, filed after May 1, 2019 may be cited for its persuasive value).

On direct appeal, the defendant argued that the ***Muniz*** decision rendered SORNA I to be unconstitutional in its entirety, but this Court affirmed his judgment of sentence. ***See id***. at 4.

In subsequent PCRA proceedings, the defendant again argued his failure to comply convictions could not be sustained, as they could not be based on his 2002 sexual offenses, which predated the effective date of SORNA I. ***See id***. at 6. The PCRA court dismissed his petition, but on appeal, this Court reversed, applying ***Santana*** and ***Muniz***. ***See id***. at 14-15. This Court concluded: (1) SORNA I was unconstitutionally applied to the defendant; (2) he thus could not have committed the crime of failing to properly register under SORNA I; and (3) he was serving an illegal sentence. ***See id***. at 17. This Court reversed the failure to comply convictions and vacated the judgment of sentence. ***See also Commonwealth v. Griffith***, 289 A.3d 100 (Pa. Super. 2022) (unpublished memorandum at 13-15) (vacating convictions and sentence for failure to comply with SORNA I registration, where the defendant was convicted in 2000 of sexual offenses and SORNA I was impermissibly applied in retroactive fashion); ***Commonwealth v. Cruz***, 281 A.3d 1086 (Pa. Super. 2022) (unpublished memorandum at 22) (vacating SORNA I registration requirements that were retroactively applied to a defendant who committed the triggering sexual offenses in 1983, before SORNA I's effective date).

Finally, we note that although our decision today vacates Biddle's convictions for failure to comply with SORNA *I* and vacates his judgment of sentence, he remains subject to Subchapter I of SORNA *II*.  **See** 42 Pa.C.S.A. § 9799.15(2)(i)(A) (setting forth lifetime registration for individual convicted of aggravated indecent assault, that was committed between April 22, 1996 and December 20, 2012); **see also Lacombe**, 234 A.3d at 626-27 (holding that the registration requirements in Subchapter I of SORNA II are non-punitive and, thus, retroactive application of those requirements does not violate the constitutional proscription against *ex post facto* laws).

Order dismissing Biddle's petition for *habeas corpus* reversed. Convictions for failing to comply with SORNA I vacated.  Judgment of sentence vacated.

Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/10/2024

- 14 -