J-S45026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LATY JEROME ARRINGTON | : | |
| | : | |
| Appellant | : | No. 437 MDA 2024 |

Appeal from the PCRA Order Entered March 13, 2024
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001821-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LATY JEROME ARRINGTON | : | |
| | : | |
| Appellant | : | No. 438 MDA 2024 |

Appeal from the PCRA Order Entered March 13, 2024
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0002094-2017

BEFORE: OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.: **FILED: FEBRUARY 24, 2025**

Appellant, Laty Jerome Arrington, appeals from the March 13, 2024 order of the Franklin County Court of Common Pleas, which dismissed as untimely Appellant's third petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] After review, we affirm the PCRA court's order.

---

[1] 42 Pa.C.S. §§ 9541-46.

The relevant procedural facts are as follows. On January 30, 2019, a jury convicted Appellant of Delivery of a Controlled Substance at docket number 1821-2017 and Possession with the Intent to Deliver a Controlled Substance at docket number 2094-2017. On February 27, 2019, the trial court sentenced Appellant to 24 to 120 months of incarceration at docket number 1821-2017 and a consecutive term of 96 to 192 months of incarceration at docket number 2094-2017. On April 29, 2020, this Court affirmed his judgments of sentence, and Appellant did not file a petition for allowance of appeal in the Supreme Court.[2]

On February 8, 2021, Appellant filed *pro se* a timely first PCRA petition. Following the appointment of PCRA counsel and amendment of the petition, the PCRA court dismissed his petition on February 25, 2022. This Court affirmed the dismissal, and the Supreme Court denied allowance of appeal.[3]

On September 1, 2023, Appellant filed *pro se* a second PCRA petition, which the PCRA court dismissed as untimely on October 20, 2023, based upon Appellant's failure to plead an exception to the PCRA's jurisdictional time-bar. Appellant did not appeal this decision.

On February 12, 2024, Appellant filed *pro se* the current PCRA Petition. On February 19, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of its

---

[2] ***See Commonwealth v. Arrington***, 913 MDA 2019 and 1658 MDA 2019 (Pa. Super. April 29, 2020).

[3] ***See Commonwealth v. Arrington***, 456 and 457 MDA 2022 (Pa. Super. Jan. 25, 2023); allocatur denied 94 and 95 MAL 2023 (Pa. June 27, 2023).

intent to dismiss the PCRA petition as untimely. On March 13, 2024, after reviewing Appellant's response, the PCRA court dismissed the petition.

On March 25, 2024, Appellant filed a notice of appeal at both dockets. Subsequently, the PCRA Court and Appellant complied with Pa.R.A.P. 1925. This Court consolidated the appeals *sua sponte.*

Appellant raises the following issues on appeal:

1. Whether the Honorable Angela R. Krom abused her discretion - by raising the gravity score on count 2094 of 2017 and sentencing Appellant as a second offense on count 1821 of 2017.

2. Whether PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness in failing to file a post sentence motion challenging Appellant's sentence.

Appellant's Br. at 4.

Before addressing the merits of Appellant's claims, we must first determine whether Appellant's PCRA is timely, as the "PCRA's time restrictions are jurisdictional in nature." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). It is well-established that neither this Court nor the PCRA court have jurisdiction to address an untimely petition. ***Id.*** Indeed, even a nonwaivable "legality of sentencing issue must be raised in a timely filed PCRA [p]etition over which we have jurisdiction." ***Commonwealth v. Olson***, 179 A.3d 1134, 1137 (Pa. Super. 2018).

All PCRA petitions "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review." ***Id.*** at

§ 9545(b)(3). Appellant does not dispute that the instant PCRA petition, filed on February 12, 2024, is facially untimely as his judgments of sentence became final on May 29, 2020, thirty days after this Court's April 29, 2020 decision. *See* Pa.R.A.P. 1113(a) (providing 30 days to petition for allowance of appeal). To be facially timely, therefore, Appellant had to file a PCRA petition within one year, or by May 29, 2021.

Courts have jurisdiction to review a facially untimely petition if the petitioner satisfies one of the following three timeliness exceptions by proving that: "(i) the failure to raise the claim previously was the result of interference by government officials . . . ; (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (iii) the right asserted is a [newly-recognized] constitutional right . . . ." 42 Pa.C.S. § 9545(b)(1). Any petition invoking a timeliness exception must "be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).

In this third PCRA petition, Appellant presented two timeliness exceptions. First, Appellant claimed interference by government officials, asserting that the trial court "limit[ed] the issues" Appellant could raise on appeal, citing the PCRA court's April 13, 2022 opinion but without clarifying how or which issues the court limited. PCRA Petition, 2/7/24, at 2-3. Second, Appellant asserted the newly discovered facts exception, alleging that original PCRA counsel was ineffective by not arguing prior counsels' ineffectiveness in failing to preserve his sentencing claim. *Id.* at 3.

The PCRA court concluded that Appellant did not establish either of his asserted exceptions. First, the court observed that, even if Appellant had explained how the April 2022 opinion had prevented him from raising issues, he failed to demonstrate that he could not have raised "this alleged interference earlier." Rule 907 Notice, 2/19/24, at 3. Our review of the record indicates that the court mailed the opinion to Appellant in April 2022, more than a year before Appellant filed his February 2024 petition.

The PCRA court also rejected Appellant's assertion of the newly discovered fact exception, emphasizing that ineffective assistance of counsel cannot constitute a newly discovered fact "unless the ineffective assistance completely foreclosed collateral review." *Id.* at 3 (citing **Commonwealth v. Peterson**, 192 A.3d 1123, 1129-30 (Pa. 2018)). Noting that Appellant had obtained collateral review through his first PCRA, the court concluded that Appellant could not rely upon ineffectiveness of counsel to support a newly discovered fact timeliness exception.

In his brief to this Court, Appellant abandons his prior exceptions and now asserts a governmental interference exception, claiming that the time for filing his PCRA should have tolled "during the Covid-19 Pandemic[.]" Appellant's Br. at 5. He claims to have been "'HAMSTRUNG' by the world[']s lock down let alone the "LOCK DOWN" that was occurring in Pennsylvania's Department of Corrections . . . which forced the Appellant to rely solely on the advocacy of court appointed counsel." *Id.* at 12 (some unnecessary capitalization omitted).

- 5 -

We conclude that Appellant waived this exception because he did not raise it before the PCRA court. *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007) ("[E]xceptions to the time bar must be pled in the PCRA petition[] and may not be raised for the first time on appeal."). Moreover, we agree with the trial court's rejection of his other exceptions. Accordingly, we conclude that the PCRA court did not err in dismissing Appellant's untimely third PCRA based on lack of jurisdiction.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/24/2025