J-S22014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                         :            PENNSYLVANIA
                         :
          v.                 :
                         :
                         :
DONALD GREGORY SPRANKLE      :
                         :
          Appellant        :   No. 1365 WDA 2022

Appeal from the PCRA Order Entered October 26, 2022
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000265-2013

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY OLSON, J.:           **FILED: OCTOBER 10, 2023**

Appellant, Donald Gregory Sprankle, appeals *pro se* from the order entered on October 26, 2022, dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We previously set forth the facts and procedural history of this case as follows:

> On July 12, 2013, the Commonwealth charged Appellant with 25 counts each of indecent assault—person less than 13, corruption of minors, and aggravated indecent assault of a child, a first-degree felony, arising from crimes Appellant committed in 2006 and 2007.  On September 4, 2013, Appellant entered a negotiated guilty plea to 2 counts each of aggravated indecent assault, a second-degree felony, and corruption of minors.[fn]
>
> On January 3, 2014, the court sentenced Appellant to two consecutive terms of 5 to 10 years' incarceration for his aggravated indecent assault convictions, and to two additional consecutive sentences of 1 day to 5 years' incarceration for his

Corruption of Minors convictions. Thus, Appellant's aggregate sentence was 10 years' and 2 days' to 30 years' incarceration.

The court also determined that Appellant is a Sexually Violent Predator. Additionally, Appellant's conviction for aggravated indecent assault classified him as a Tier III sexual offender, and required him to comply with the lifetime registration and reporting requirements of the Sexual Offender Registration and Notification Act ("SORNA"). *See* 42 Pa.C.S. §§ 9799.14d) and 9799.15(a)(3). Appellant did not file a post-sentence motion or a direct appeal from his judgment of sentence. His sentence, thus, became final 30 days later, on February 3, 2014.

On July 20, 2016, Appellant filed a *pro se* PCRA petition in which he claimed that his plea counsel, John Ingros, Esquire, had rendered ineffective assistance and that he is serving an illegal mandatory minimum sentence pursuant to *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016).

The PCRA court appointed counsel who, on July 29, 2016, filed a petition to withdraw as counsel as well as a [] "no-merit" letter [pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)]. On August 1, 2016, the PCRA court advised Appellant of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907.

That same day, the court permitted counsel to withdraw, and on August 25, 2016, it dismissed Appellant's PCRA petition as untimely. Appellant timely appealed, but on January 30, 2017, this Court dismissed Appellant's appeal for failure to file a brief. *See Commonwealth v. Sprankle*, No. 1505 WDA 2016 (Pa. Super. 2017).

On June 2, 2017, Appellant filed with the PCRA court a "Letter in Application for 'Application to Reinstate Appeal.'" In this "letter," Appellant requested that the PCRA court reinstate his appeal rights *nunc pro tunc*. The PCRA court denied this request on June 8, 2017.

On September 22, 2017, Appellant filed a *pro se* [third] PCRA petition. In this petition, Appellant reiterated his claim that he is serving an illegal mandatory minimum sentence pursuant to *Wolfe*, and asserted that the requirement that he register as a sex offender for his lifetime is unconstitutional pursuant to *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). In an

- 2 -

effort to overcome the PCRA's jurisdictional time-bar, Appellant averred that his petition was timely pursuant to 42 Pa.C.S.A. § 9545(b)(1)(iii) ("[T]he right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.").

On October 12, 2017, the PCRA court advised Appellant of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907. On November 6, 2017, Appellant filed a response to the court's Rule 907 notice, baldly restating his claim that he is entitled to relief pursuant to **Wolfe** and **Muniz**.

On November 16, 2017, the PCRA court dismissed Appellant's petition as untimely and meritless [and Appellant lodged an appeal].

[fn] 18 Pa.C.S.A. §§ 3125(a)(7) and 6301(a)(1)(ii), respectively. Appellant's sentencing order, however, incorrectly identified the subsection and grading of Appellant's aggravated indecent assault conviction as 18 Pa.C.S.A. § 3125(b), a first-degree felony. Recognizing this error, on October 28, 2016, the trial court entered an order correcting Appellant's sentences to reflect that he had pleaded guilty to aggravated indecent assault, 18 Pa.C.S.A. § 3125(a)(7), a second-degree felony.

**Commonwealth v. Sprankle**, 209 A.3d 538 (Pa. Super. 2019) (unpublished memorandum) (unnecessary capitalization and some footnotes omitted) at *1-3. Finding we lacked jurisdiction to entertain Appellant's claims, we affirmed the dismissal of Appellant's third PCRA petition as untimely in an unpublished memorandum decision filed on January 29, 2019. **See id.** Our Supreme Court denied further review on September 16, 2019.

On September 19, 2022, Appellant filed his fourth PCRA petition *pro se* which is currently at issue. In his latest petition, Appellant sought to have his "PCRA rights restored *nunc pro tunc*" from the denial of his first PCRA petition.

*See* *Pro Se* PCRA Petition, 9/19/2022, at 4-E.  Again, relying upon *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016),[1] and as previously argued, Appellant maintains that he is serving an illegal sentence.  *Id.* at 8-E. Appellant avers that, in requesting to withdraw from representing Appellant on his first PCRA petition, appointed counsel relied upon "the availability of information in the public record." *Id.* at 4-E.  Appellant contends in the instant PCRA petition that the Pennsylvania Supreme Court subsequently decided *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020) which "disavows the public record presumption." *Id.*  "Based on the ruling in *Small*, [Appellant averred that he filed the instant] PCRA petition, under the newly discovered evidence exception to the PCRA's one-year timing requirement [pursuant to] 42 Pa.C.S.A. § 9545(b)(1)(ii)[.]" *Id.* at 4-D.  Appellant claims that despite limited access to the prison library, he uncovered *Wolfe*, which was decided on June 20, 2016, and "filed his [first] PCRA petition within the sixty[-]day time limit for newly discovered evidence" an exception to the one-year jurisdictional time-bar to file PCRA petitions "required by [42 Pa.C.S.A.] § 9545(b)(1)(ii)." *Id.* at 8-C.  As such, Appellant "request[ed] that his PCRA rights be reinstated *nunc pro tunc*, that he be given adequate opportunity to

_____

[1] *Wolfe* held that 42 Pa.C.S.A. § 9718, which imposed a mandatory, 10-year minimum sentence for involuntary deviate sexual intercourse (IDSI) and specifically stated that its provisions were not an element of the crime and that factual matters were to be resolved by the sentencing court by a preponderance of the evidence, violated the Sixth Amendment's requirement that any fact that increased the penalty for a crime must be treated as an element of the offense, submitted to the jury rather than the judge, and found beyond a reasonable doubt.

file a new PCRA [petition] with the PCRA court addressing his illegal sentence and related matters[.]" ***Id.*** at 8-G.

On September 21, 2022, the PCRA court entered notice of its intent to dismiss the PCRA petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. In that notice, the PCRA court explained:

> ***Commonwealth v. Small***, 283 A.3d 1267 (Pa. 2020) did eliminate the presumption that PCRA petitioners had access to public records and were deemed to have access to the facts contained therein. ***Id.*** at 1285-1286. ***Small***, however, is not a newly discovered fact upon which [Appellant] may rely for purposes of 42 Pa.C.S.A. § 9545(b)(1)(ii), because "judicial decisions do not constitute new 'facts' for purposes of the newly-discovered evidence exception." ***Commonwealth v. Kretchmar***, 189 A.3d 459, 467 (Pa. Super. 2018).
>
> More than that, ***Small*** is not even the "fact" upon which [Appellant] seeks to build his case. Rather, his goal is to employ ***Small*** as the jurisdiction-giving device that would allow him to relitigate the question he raised more than 6 years ago in his first PCRA petition, namely, whether his sentence was illegal pursuant to ***Commonwealth v. Wolfe***, 140 A.3d 651 (Pa. 2016). Even [if] ***Small*** [constituted] a new "fact," though, that is no[t] how the exception works; it does not authorize a petitioner to advance one fact he recently learned as a means to advance additional facts he has known for years. Either way, then, ***Small*** does not alter the conclusion that [Appellant's] latest PCRA petition is untimely and, as such, beyond the [c]ourt's jurisdiction.

Notice of Intent to Dismiss, 9/21/2022, at *1. Appellant filed a written response to the notice of intent to dismiss on October 20, 2022. On October

- 5 -

26, 2022, the PCRA court entered an order dismissing Appellant's fourth PCRA petition. This timely *pro se* appeal resulted.[2]

Appellant presents the following issues, *pro se*, for our review:

I.    Did the lower court err by [imposing] a mandatory minimum unconstitutional sentence?

II.   Did the lower court err by not reinstating the first PCRA [petition] dismissed in 2016 for lack of due diligence that has been overruled by **Commonwealth v. Small**?

III.  Are the aspects and stipulations [imposed] on Appellant implemented by the SORNA registration in part[,] if not in whole[,] unconstitutional?

Appellant's *Pro Se* Brief at 9 (complete capitalization omitted).

Before addressing the merits of Appellant's current claims, we must first determine if we have jurisdiction. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa. Super. 2016) (citations omitted). Moreover, "a legality of sentencing issue must be raised in a timely filed PCRA [p]etition over which we have

_____

[2] Appellant filed a *pro se* notice of appeal on November 17, 2022. On November 21, 2022, the PCRA court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely, raising three issues. Appellant alleged his 2014 sentence and SORNA registration requirements were unconstitutional and generally challenged the dismissal of his first PCRA petition. On January 12, 2023, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) noting that Appellant's Rule 1925(b) essentially raised new issues. Accordingly, the PCRA court relied upon its rationale as set forth in the PCRA court's notice of intent to dismiss filed on September 21, 2022.

jurisdiction." ***Commonwealth v. Olson***, 179 A.3d 1134, 1137 (Pa. Super. 2018), *citing* 42 Pa.C.S.A. § 9545(b); ***see also Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (stating that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto")). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (i) the inability to raise a claim as a result of governmental interference; (ii) the discovery of previously unknown facts or evidence that would have supported a claim; or (iii) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Here, as set forth in detail above, Appellant's judgment of sentence became final on February 3, 2014. Therefore, Appellant had until February 3, 2015 to file a timely PCRA petition. As such, Appellant's most recent PCRA petition filed on September 19, 2022 was patently untimely. In order to invoke the exception at Section 9545(b)(1)(ii), Appellant claims the decisions

in **Small** and **Wolfe** were facts that were previously unknown to him.[3]  Our Supreme Court recently reiterated the well-established principle that a judicial decision does not constitute a "fact" for purposes of the newly-discovered facts exception.  **Commonwealth v. Reid**, 235 A.3d 1124, 1147 (Pa. 2020); **see also Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003) ("[t]he PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act[ ]") (citation omitted).  Accordingly, we conclude that the PCRA court properly dismissed Appellant's September 19, 2022 petition as untimely and not subject to any statutory exception to the PCRA's jurisdictional time bar.  Because we lack jurisdiction to reach the merits of Appellant's current claims for collateral relief, we may not address Appellant's appellate issues.  Accordingly, we affirm the order entered by the PCRA court on October 26, 2022.

Order affirmed.

---

[3]  We further note that **Small** and **Wolfe** did not announce newly-recognized, retroactive constitutional rights.  **See Commonwealth v. Charles**, 2018 WL 6803235, at *2 (Pa. Super. 2018)  ("the **Wolfe** decision neither constitutes a newly recognized constitutional right under the PCRA nor extended the retroactive application of **Alleyne v. United States**, 133 S. Ct. 2151 (2013)"); **see also Small supra** (overruling prior precedents which had interpreted statutory provisions to hold that prisoners are subject to the public record presumption when pleading the unknown facts exception to PCRA jurisdiction).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

FILED: 10/10/2023