J-A07040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARMINE A. LAURO SR. | : | |
| | : | |
| Appellant | : | No. 2169 EDA 2021 |

Appeal from the PCRA Order Entered October 4, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000331-1998

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARMINE A. LAURO SR. | : | |
| | : | |
| Appellant | : | No. 2170 EDA 2021 |

Appeal from the PCRA Order Entered October 4, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000017-1998

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED NOVEMBER 3, 2023**

Carmine A. Lauro, Sr. (Appellant), appeals from the consolidated October 4, 2021, orders entered in the Delaware County Court of Common Pleas, dismissing his serial petition filed pursuant to the Post Conviction Relief

Act (PCRA)[1] as untimely. He seeks relief from the 1998 judgment of sentence imposed following a jury conviction of one count each of rape, statutory sexual assault, incest,[2] and two counts each of involuntary deviate sexual intercourse (IDSI), aggravated indecent assault, indecent assault, indecent exposure, endangering the welfare of children, and corruption of minors.[3] Appellant contends the PCRA court erred in dismissing his petition because his mandatory minimum sentences were illegal under **Alleyne v. United States**, 570 U.S. 99 (2013).[4] For the reasons below, we affirm.

Appellant's convictions stem from his ongoing sexual molestation of his daughter (at Docket No. CP-23-CR-0000017-1998) and step-daughter (at Docket No. CP-23-CR-0000331-1998) over a period of several years. A jury convicted him of the numerous sex-related crimes on July 8, 1998. On October 14, 1998, the trial court imposed an aggregate sentence of 25 1/2 to 80 years' incarceration, and a concurrent term of 51 years' probation. Relevant to this appeal, the trial court sentenced Appellant above the

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **See** 18 Pa.C.S. §§ 3121, 3122.1, and 4302, respectively.

[3] **See** 18 Pa.C.S. §§ 3123, 3125, 3126, 3127, 4304, and 6301, respectively.

[4] **See Alleyne**, 570 U.S. at 116 (any fact that increases mandatory minimum sentence must be submitted to jury and found beyond reasonable doubt).

mandatory minimum for rape, IDSI, and aggravated indecent assault. *See* 42 Pa.C.S. § 9718(a) (eff. March 31, 1995).[5]

A panel of this Court affirmed the judgment of sentence on December 6, 1999. *See Commonwealth v. Lauro*, 3717 PHL 1998 (unpub. memo.) (Pa. Super. Dec. 6, 1999). Appellant did not file a petition of allowance of appeal with Pennsylvania Supreme Court, but later filed several PCRA petitions which garnered no relief.[6]

On February 20, 2015, Appellant filed the present, *pro se* PCRA petition, invoking the timeliness exception pursuant to 42 Pa.C.S. § 9545(b)(1)(iii), and alleging that his mandatory minimum sentences were illegal under *Alleyne*, and *Commonwealth v. Wolfe*, 106 A.3d 800, 805 (Pa. Super. 2014) (invalidating 42 Pa.C.S. § 9718(a)(1) pursuant to *Alleyne*). *See* Appellant's PCRA Challenge to the Legality of Sentence as Unconstitutional, 2/20/15, at 2-3. The PCRA court appointed Stephen D. Molineux, Esquire, to represent Appellant for the PCRA proceedings. On June 10, 2015, Attorney Molineux filed a "No Merit" letter and an "Application to Withdraw Appearance"

---

[5] At the time, Section 9718(a) provided a mandatory minimum sentence of five years' incarceration for rape and IDSI, and two and one-half years' imprisonment for aggravated indecent assault. Since then, Section 9718 has been amended several times, and the lengths of the mandatory minimums have changed.

[6] *See Commonwealth v. Lauro*, 819 A.2d 100 (Pa. Super. 2003), *appeal denied*, 830 A.2d 975 (Pa. 2003); *Commonwealth v. Lauro*, 2938 EDA 2005 (unpub. memo.) (Pa. Super. Nov. 29, 2006).

consistent with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On July 8, 2015, the PCRA court permitted Attorney Molineux to withdraw as counsel. Two days later, the PCRA court issued its notice of intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907(1).[7] Appellant filed a *pro se* response on August 20, 2015.[8] Due to "a clerical error[,]" a final order dismissing the petition was not entered into the record at either docket number. ***See*** PCRA Ct. Op. at 1.

The matter went dormant for several years until 2018, when Appellant filed a *pro se* "Request Seeking Leave to Amend PCRA Petition" and an "Amended Response to [the PCRA] Court's Notice of Intent to Dismiss PCRA Petition Pursuant to Pa.R.Crim.P. 907." The PCRA court then appointed Henry DiBenedetto Forrest, Esquire, as counsel for Appellant.[9] However, pursuant to ***Commonwealth v. Maple***, 559 A.2d 953 (Pa. Super. 1989), the appointment of Attorney Forrest as counsel was improper. ***See Maple***, 559

---

[7] A copy of the Rule 907 notice was not included in the certified record. The PCRA court indicated it was not able to locate a copy of the notice but would continue to search for it. ***See*** PCRA Ct. Op., 6/20/22, at 1.

[8] A copy of Appellant's August 20, 2015, *pro se* response was not included in the certified record.

[9] It merits mention that the PCRA court had appointed Attorney Forrest for Appellant's second PCRA petition in 2004. Attorney Forrest filed a ***Turner/Finley*** letter and was granted permission to withdraw in relation to that petition.

A.2d at 596 (the appointment of counsel after original PCRA counsel has been permitted to withdraw pursuant to **Finley** is unnecessary and improper). On July 19, 2018, Attorney Forrest requested permission to withdraw. On November 28, 2018, Appellant filed a *pro se* motion for substitute counsel. There is no indication on the trial court dockets as to the disposition of either the motion.[10] Nevertheless, on July 21, 2021, Attorney Edward Joseph Rideout, III, entered his appearance as private counsel for Appellant. On October 4, 2021, the PCRA court dismissed the February 20, 2015, PCRA petition. Appellant filed timely notices of appeal.[11]

Appellant raises the following issue on appeal:

1. Whether the [PCRA] court err[ed] in denying [Appellant]'s PCRA petition despite [his] sentence illegally including mandatory minimum sentences triggered by 42 Pa.C.S. § 9718 — an unconstitutional sentencing statute that is non-severable and void[?]

Appellant's Brief at 3 (footnote & some capitalization omitted).

_____

[10] This Court contacted the Delaware County Office of Judicial Support as to the status of the two motions, and the Delaware County Office of Judicial Support was unable to locate disposition orders of the two motions.

[11] Appellant complied with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), by filing separate notices of appeal. **See Walker**, 185 A.3d at 977 (holding that after June 1, 2018, separate notices of appeal must be filed for each lower-court docket number). The appeals were consolidated *sua sponte* on March 18, 2022. **See** Order, 3/18/22. **See also Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021) (reaffirming **Walker**, but holding that Pa.R.A.P. 902 permits an appellate court, in its discretion, to allow correction of the error where appropriate); Pa.R.A.P. 902 (amended May 18, 2023).

When reviewing the dismissal of a PCRA petition, we consider "whether the PCRA court's determination is supported by the record and free from legal error." ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283-84 (Pa. 2016) (internal quotation marks & citation omitted). "[O]ur scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party[.]" ***Commonwealth v. Howard***, 285 A.3d 652, 657 (Pa. Super. 2022) (citations omitted). We apply a *de novo* standard of review with respect to legal conclusions. ***Id.***

> Pursuant to Rule 907, a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings.

***Commonwealth v. Brown***, 161 A.3d 960, 964 (Pa. Super. 2017) (citations omitted).

Here, the PCRA court determined Appellant's petition was untimely filed. ***See*** PCRA Ct. Op. at 3. Therefore, before reaching the merits of Appellant's claim, we must determine whether this appeal is properly before us.

> The timeliness of a PCRA petition is a jurisdictional requisite. [T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition. In other words, Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. A judgment of sentence is final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.

*Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (citations, quotation marks, & emphasis omitted); *see also* 42 Pa.C.S. § 9545(b)(1), (3).

Here, a panel of this Court affirmed Appellant's judgment of sentence on December 6, 1999. Therefore, his judgment of sentence became final on January 5, 2000, when the 30-day period for filing a petition for allowance of appeal expired. *See* 42 Pa.C.S. § 9545(b)(3) (judgment is final at conclusion of direct review, or at the expiration of time for seeking review); Pa.R.A.P. 1113(a) (petition for allowance of appeal must be filed within 30 days of entry of Superior Court decision). Appellant had one year from that date — or until January 5, 2001 — to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1) (PCRA petition must be filed within one year of date judgment of sentence is final). He filed the present petition on February 20, 2015 — approximately 14 years later — and as such, it is facially untimely.

The PCRA, however, allows for a defendant to file a petition after this period when they plead and prove one of the following timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

> Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Furthermore, the PCRA requires that any petition invoking one of the timeliness exceptions must be filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) (subsequently amended eff. Dec. 24, 2018).[12]

In his sole argument on appeal, Appellant asserts that his present PCRA petition is timely because challenges to the legality of sentences can never be waived. *See* Appellant's Brief at 10, 13-15. Moreover, relying on *Commonwealth v. Berry*, 877 A.2d 479 (Pa. Super. 2005) (*en banc*), Appellant contends that his sentence is illegal because it "includes the unconstitutional imposition of mandatory minimums" and the Pennsylvania Supreme Court recognized the unconstitutional nature of Section 9718 in *Wolfe*. *See* Appellant's Brief at 10, 12. Lastly, he attacks Section 9718, arguing: (1) the statute "is facially unconstitutional because it requires a sentencing judge[,] and not the trier of fact[,] to engage in judicial fact-finding concerning the enhancement element of the age of the victim[;]" (2) pursuant the doctrine of void *ab initio*, because *Wolfe* held that Section 9718 was

---

[12] This subsection was amended, effective December 24, 2018, to provide petitioners with one year to invoke a timeliness exception regarding "claims arising on Dec. 24, 2017 or thereafter." 42 Pa.C.S. § 9545(b)(2), *cmt.*; Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, § 3, effective in 60 days. Because the petition at issue was filed on February 20, 2015, before the effective date of the amendment, the amendment is not applicable here.

unconstitutional, "it was as if that statute never existed[;]" and (3) the two versions of Section 9718, as applied in **Wolfe** and the case *sub judice*, "were applied in the same unconstitutional manner." **Id.** at 15, 18, 20.

In denying relief, the PCRA court found that Appellant's petition was untimely and his "reliance on **Alleyne** does not excuse the late-filing or extend the period for filing." PCRA Ct. Op. at 3. It noted that courts of this Commonwealth have held that **Alleyne** does not apply retroactively to untimely PCRA petitions. **Id.** at 7. Therefore, the court found Appellant did not satisfy the "newly recognized retroactive constitutional right" exception under Section 9545(b)(1)(iii), and it did not have jurisdiction to review the matter. **Id.**

We agree with the PCRA court's conclusion for several reasons. First, contrary to Appellant's argument, it is well-established that "a legality of sentencing issue must be raised in a timely filed PCRA [p]etition over which we have jurisdiction." **Commonwealth v. Olson**, 179 A.3d 1134, 1137 (Pa. Super. 2018) (citation omitted). **See also Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (stating that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto"); **Commonwealth v. Miller**, 102 A.3d 988, 995-96 (Pa. Super. 2014) (although "an issue pertaining to **Alleyne** goes to the legality of the sentence" and cannot be waived on appeal, the claim "may nevertheless be lost should it be raised . . .

in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim.") (citations omitted). Moreover, even **Berry**, which Appellant relies on, held:

> One well-established exception [to the waiver rule set forth in 42 Pa.C.S. § 9543(a)] is that challenges to the legality of the sentence are never waived. This means that a court may entertain a challenge to the legality of the sentence **so long as the court has jurisdiction to hear the claim**. In the PCRA context, **jurisdiction is tied to the filing of a timely PCRA petition**.

**Berry**, 877 A.2d at 482 (citation omitted; emphases added). Thus, contrary to Appellant's argument, an illegal sentencing challenge can be waived.

Second, in **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016), the Pennsylvania Supreme Court held that **Alleyne** does not apply retroactively to collateral attacks upon mandatory minimum sentences advanced in PCRA proceedings. Consequently, we find Appellant failed to properly invoke the "newly recognized retroactive constitutional right" exception as we would agree with the PCRA court that neither **Alleyne** nor its progeny announce a new constitutional right that would apply retroactively. **See Washington**, 142 A.3d at 820; **see also Commonwealth v. Ruiz**, 131 A.3d 54, 58 (Pa. Super. 2015) ("It is . . . settled that **Alleyne** does not

invalidate a mandatory minimum sentence when presented in an untimely PCRA petition.") (citation & emphasis omitted).[13]

Lastly, we point out that this Court also has rejected the argument that "that a mandatory sentencing statute rendered illegal by *Alleyne* is void *ab initio* thereby rendering any sentence imposed thereunder invalid." *Commonwealth v. Ciccone*, 152 A.3d 1004, 1007 (Pa. Super. 2016) (*en banc*). Therefore, Appellant's argument regarding the applicability of the *void ab initio* doctrine is unavailing.

We thus conclude the PCRA court did not abuse its discretion in finding Appellant's petition was time-barred by the PCRA timeliness requirements. *See Ballance*, 203 A.3d at 1031; 42 Pa.C.S. § 9545(b)(1). Accordingly, we affirm the order dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/03/2023</u>

---

[13] A review of Appellant's February 20, 2015, PCRA petition and April 2, 2018, response reveals that he has not set forth any allegations regarding the two other timeliness exceptions.